THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| USI INSURANCE SERVICES NATIONAL, INC. formerly known as WELLS FARGO INSURANCE SERVICES USA, INC., a North Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY OGDEN, et al.,<br><br>Defendants. | Case No.: 2:17-cv-01394 RSL<br><br>DEFENDANT ABD INSURANCE & FINANCIAL SERVICES, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES<br><br>NOTED ON MOTION CALENDAR: OCTOBER 5, 2018 |

ABD'S MOTION TO COMPEL DISCOVERY RESPONSES - 2:17-cv-01394 RSL
55331-001 \ 2437187.docx

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Defendant ABD Insurance & Financial Services, Inc. ("ABD") moves this Court for an order compelling Plaintiff USI Insurance Services National, Inc., formerly known as Wells Fargo Insurance Services, USA, Inc. ("WFIS") to produce documents and information in response to ABD's First Interrogatories and Requests for Production of Documents pursuant to Fed. R. Civ. P. 37(a)(3).

## I. INTRODUCTION

ABD seeks to compel answers, documents, and materials regarding four general categories of discovery: documents and information (1) about WFIS's business practices related to this matter; (2) supporting or conflicting with the allegations in WFIS's Complaint; (3) regarding WFIS's revenues, expenses, and business valuation measures, specifically including valuation information where WFIS settled similar claims or where it sold books of business to competitors; and (4) related to the investigations, fines, penalties, or assessments regarding Wells Fargo Bank's consumer practices, specifically including documents related to insurance practices and the suspension of insurance licenses in California, New York, and other U.S. jurisdictions.

WFIS is categorically withholding these documents and information. Despite ABD providing multiple extensions for WFIS's response, WFIS served 105-pages of boilerplate and generic objections. WFIS has not produced a single document in response to these discovery requests, arbitrarily refused to answer seven interrogatories, and unilaterally rewrote other interrogatories to only provide the information that it wishes to disclose.

WFIS's unilateral, obstructionist approach to discovery is improper. ABD's discovery seeks information material to (a) WFIS's allegations of liability; (b) WFIS's alleged damages; and (c) ABD's defenses, including defenses related to WFIS's anticipatory breach of contract, failure to perform, lack of business expectancy, and vexatious litigation, amongst others. This information must be produced, or WFIS's claims should be dismissed for failure to cooperate in discovery.

## II. CERTIFICATION OF COUNSEL

ABD's counsel certifies that it conferred telephonically and in good faith with WFIS's counsel on August 28, 2018, and participated in an additional Rule 37 in-person conference with counsel on September 13, 2018. Gonzalez Decl. at ¶¶ 9, 11. WFIS still will not state when it will begin producing responsive documents, and this motion is filed on the last date to serve discovery motions pursuant to the Case Scheduling Order. Dkt. No. 24. The parties are at an impasse and, given WFIS's ongoing delaying tactics, further negotiations beyond the filing deadline would be futile. *See* LCR 37(a)(1).

## III. STATEMENT OF FACTS

### A. Scandal-Plagued Wells Fargo's Divestiture of Its Commercial Insurance Arm

As part of a multi-year strategy to cut costs and increase bottom line profits, Wells Fargo had been selling off entire offices of its insurance arm, WFIS, including a sale of 40 offices to its competitor USI Insurance Services. Declaration of Justo G. Gonzalez ("Gonzalez Decl."), Ex. A. By the end of 2016 it was widely known among WFIS' 3,500 employees that WFIS was on the auction block, a belief confirmed by later news reports confirming that Wells Fargo had been reaching out to prospective purchasers. *Id.*, Ex. B.

In 2016, Wells Fargo was also awash in scandals and regulatory probes related to its fraudulent lending and insurance practices. These scandals included its well-publicized fraud in creating fake bank accounts to satisfy sales goals, unwanted placement of insurance, improper charges for gap coverage insurance, consumer complaints regarding its collateral protection insurance practices, and numerous reports that Wells Fargo lied to Congress and consumers about its conduct. Gonzalez Decl., Ex. C.

Concurrent with these investigations and reports, WFIS began to restructure its organizational focus and business practices. Part of this reorganization involved transferring certain insurance accounts to regional call centers for centralized customer servicing. Because WFIS's insurance brokers were paid through commissions generated from their clients' insurance policies and related fees, these changes caused WFIS employees to lose commission

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

on their affected accounts. In tandem with these changes, WFIS unilaterally lowered the commission percentages that its insurance professionals received. *See Wells Fargo Insurance Services USA, Inc. v. Tyndell*, 2016 WL 7191692, at *1-2 (E.D. Wash. December 12, 2016).

The revelation that WFIS was engaged in fraudulent business practices, coupled with these unilateral changes to their compensation, rocked WFIS's workforce. On December 29, 2016, Stanley Ogden and his wife, Marcia, resigned from WFIS. Eleanor O'Keefe also left. Their departures were not the first, nor would they be the last. Some of these departing employees went to work with boutique brokerages, including ABD, and others went to work elsewhere. Some clients unilaterally elected to follow the departing employees and others were referred directly by WFIS, which had hemorrhaged so many of its most talented and ethical employees that it could not service its clients.

In June 2017, Wells Fargo announced that its national insurance operation would be sold to the highest bidder. Gonzalez Decl. Ex. D. WFIS' competitor USI Insurance Services won the auction and this case began shortly thereafter. The price USI agreed to pay is information ABD has requested in discovery and which plaintiff refuses to produce. WFIS further seeks to thwart ABD's discovery by refusing to disclose the terms on which it has sold books of business to other brokers who have left the company and the terms on which it has purchased books for brokers it has hired while at the same time purporting to rely on an expert report stating that the going rate for a book of business is based on 10 years of revenue—an astonishing figure that is wildly inconsistent with precedent in the Seattle market.

WFIS's Complaint alleges breach of contract, breach of duty of loyalty, and tortious interference with contract and/or business expectancy. WFIS amended its Complaint to include USI, and the parties exchanged initial disclosures and submitted their Joint Status Report in 2017. *See* Dkt. Nos. 1, 22. This Court issued its Scheduling Order on November 15, 2017, and the parties filed a stipulated protective order and proceeded to discovery. Dkt. Nos. 24, 40.

Discovery closes on October 7, 2018 and all discovery related motions must be noted for hearing by October 5, 2018. Dispositive motions must be filed by November 6, 2018. Despite

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

these impending deadlines, WFIS has sat on this case.[1] It has neither produced responsive documents or materials in discovery nor responded in good faith to ABD's attempts to obtain search terms so that ABD could conduct searches for its own electronically stored information.

**B. WFIS Has Failed to Cooperate In Discovery**

**1. WFIS Issued Generic Boilerplate Objections and Produced No Documents**

ABD propounded its First Set of Interrogatories and Requests for Production of Documents on June 20, 2018 and granted WFIS three additional weeks to respond. Gonzalez Decl. at ¶ 7. WFIS did not use that additional time to identify responsive documents or materials, or to thoroughly investigate its claims.

WFIS instead served a 105-page response larded with generic boilerplate that WFIS repeated verbatim across multiple discovery requests. *See* Gonzalez Decl., Ex. F. WFIS did not state whether it was withholding responsive documents based on any of its boilerplate objections and it did not include a privilege log. Several objections are facially improper and ignore the parties' stipulated protective order. For example:

- WFIS repeatedly objected that certain requests are "premature" on the grounds that "[d]iscovery in this case is just beginning."[2] *See, e.g.*, Gonzalez Decl. Ex. F (ROG Nos. 9, 16-18; RFP Nos. 8, 13, 15, 16, 18, 19).

- WFIS also objected to requests "because it calls for Plaintiff to disclose highly confidential and proprietary information to which Defendant has no right."[3] *Id.* (ROG Nos. 2, 21-23; RFP Nos. 1, 4-6, 23, 24, 26-28, 30, 31).

WFIS did state that it would agree to produce some responsive documents and estimated that it would begin producing responsive documents on September 1. Gonzalez Decl., ¶ 8, Ex. F. To facilitate its untimely production, WFIS invited ABD to meet and confer "regarding the scope and timing" of its production to the extent that ABD desired that WFIS "prioritize certain

[1] USI's counsel recently acknowledged that this litigation has been "on the backburner" for several months. Gonzalez Decl. at ¶ 11.

[2] Discovery opened on November 3, 2017 and closes on October 7, 2018. *See* Dkt. Nos. 22, 24.

[3] This Court entered a two-tier protective order on July 13, 2018. Dkt. No. 40.

requests" as it purportedly began, weeks after it responded to ABD's discovery requests, to identify and collect responsive documents and materials. *See id.*

**2. WFIS Agreed to Withdraw Its Placeholder Objections, But Refuses to Estimate When It Will Answer or Produce Documents Because It Failed to Timely Collect Responsive Documents and Materials in the First Place**

ABD's counsel immediately accepted WFIS's invitation for a meet and confer and addressed WFIS' deficient responses in a letter that (i) articulated specific issues with each response and (ii) requested a Rule 37 conference. Gonzalez Decl., Ex. G. Though ABD has now participated in two lengthy discovery conferences and exchanged multiple items of correspondence with counsel, WFIS refuses to disclose when it will begin—let alone complete—supplementing its Answers and producing documents.

The parties first met and conferred regarding WFIS's discovery responses on August 28, 2018. WFIS expressly requested this meeting to obtain ABD's input on how to prioritize its **initial** search and document collection efforts in response to discovery served in June. Gonzalez Decl. at ¶ 9. During this conference, WFIS recanted its earlier representation that it would begin producing responsive documents on September 1, 2018 and stated that it was no longer certain when a production would commence. *Id* at ¶ 9. The parties worked cooperatively through each request where WFIS indicated that it would like to meet and confer, and WFIS's counsel indicated that the conference was 'very helpful' in its efforts to locate, collect, and identify responsive materials. *Id.* at ¶ 9.

The August 28 conference did not address ABD's concerns regarding WFIS's generic, boilerplate objections or its arbitrary refusal to produce complete, substantive responses to ABD's interrogatories and requests for production. To address these concerns, ABD sent WFIS a detailed letter (i) addressing WFIS's deficiencies and objections; (ii) confirming the grounds on which WFIS is withholding documents and information; and (iii) requesting a Rule 37 conference. *See* Gonzalez Decl., Ex. G.

The parties met and conferred three days later. *Id.* at ¶ 11. During that meeting, counsel for WFIS stated that they agreed with the legal principles contained within ABD's letter and

announced that WFIS would withdraw most[4] of its objections to ABD's written discovery requests. *Id.* at ¶ 11. However, WFIS could not estimate when it would be able to provide complete discovery responses to ABD's requests. *Id.* at ¶ 11. As of the date of this filing, WFIS has neither produced responsive documents or materials requested in discovery, nor provided an estimated production schedule. *Id.* at ¶ 11.

**C. Discovery Will Be Complete Only When WFIS Fully Answers Defendants' Discovery Requests**

ABD anticipates that WFIS will, in an cynical attempt to conflate the parties' respective approaches to discovery, file a competing motion to compel, wherein WFIS will aver that ABD owes supplemental responses to discovery. This would be an incorrect impression: ABD (i) timely searched for and collected all responsive documents; (ii) produced responsive documents and materials in February 2018; and (iii) has never represented that it would withhold nonprivileged, responsive documents. Gonzalez Decl. at ¶ 12. Further, ABD informed WFIS seven months ago that ABD had not yet produced all responsive documents and invited WFIS to meet and confer regarding search terms and the scope of WFIS's requests. *Id.*, Ex. I (e.g., ROG Nos. 6, 7; RFP Nos. 5-7). WFIS ignored this invitation and subsequent invitations to confer, never followed up on its initial discovery requests, and otherwise sat on this litigation until the discovery and dispositive motions deadlines were imminent. *Id.*, ¶ 14, Ex. J.

WFIS served written discovery on ABD and each individually named defendant on January 10, 2018, and all defendants served timely responses and objections on February 9, 2018. Gonzalez Decl., ¶ 12.

ABD has collected responsive information from its servers and from each individually named defendant. Gonzalez Decl. at ¶¶ 14-15. Defendants' prompt production included SMS (text) messages, monthly cellular invoicing (reflecting call and text details), and responsive documents and communications from business and personal email accounts. *Id.*

---

[4] WFIS did not withdraw all objections and stated that it would need to confer with its client regarding certain requests. WFIS has not clarified its position regarding its objections since the parties' conference.

In addition, ABD retained a forensic discovery expert who collected ABD's corporate .pst files for each relevant custodian. Declaration of David Stenhouse ("Stenhouse Decl.") at ¶¶ 4-5. These files contain more than 153 gigabytes of raw data and must be sorted through search terms, which ABD has asked for but that WFIS inexplicably refused to provide for seven months. *Id.* ABD also produced employment records and information WFIS requested, as well as its Data Retention Policy. Gonzalez Decl. ¶ 12.

From February 9 to September 12, 2018, WFIS did not respond to ABD's invitation to meet and confer, acknowledge any of ABD's emails or oral requests that WFIS provide search terms, or articulate any problems with ABD's responses to its requests. *Id.* ¶ 13.

On September 12, 2018—seven months after ABD first invited WFIS to meet and confer—WFIS requested a multi-day Rule 37 conference to begin the following afternoon and demanded that ABD fully supplement its production within three business days. Gonzalez Decl., Ex. H. During the parties' September 13 conference, ABD reiterated its position, which it had maintained in writing for more than seven-months, that ABD would produce all responsive, nonprivileged materials but that WFIS first needed to identify search terms to mitigate the disproportionate burden on ABD to review over 153 gigabytes[5] of preserved data for privilege and work product protection. Gonzalez Decl., ¶¶ 14-15. WFIS stated that it would provide that information the following week. *Id.* at ¶ 15.

On the afternoon of September 19 plaintiff finally provided search terms. The list of terms is 34 pages long and incorporates 33 pages of search terms. Gonzalez Decl. 16, Ex. K. This, too, delivered on the eve of the discovery motions cut-off, is gamesmanship. The only issues before this Court should be (i) whether WFIS must take this case off "the backburner" and produce all responsive, nonprivileged records and information; and (ii) whether ABD is entitled to its attorneys' fees and costs incurred in obtaining responsive discovery.

[5] *See* Stenhouse Decl. at ¶¶ 4-5.

## IV. ARGUMENT

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where, as here, the requested discovery is not answered, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1); LCR 37(b)(2). Parties who unjustifiably fail to respond to discovery requests must pay the movants' expenses, including attorneys' fees, and may be subject to sanctions under Rule 37. Fed. R. Civ. P. 37(a)(3); (5). Any party resisting discovery bears the burden "to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting objections." *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp.2d 1273, 1277 (W.D. Wash. 2013).

WFIS cannot satisfy its burden here.

### B. WFIS Must Answer Written Discovery and Produce Responsive Documents

The discovery rules expressly impose a duty on WFIS to fully respond to discovery requests and furnish all available information. Because discovery is an investigative tool designed to help litigants gain an understanding of the key persons, relationships, and evidence in a case, Rule 26 permits broad discovery— "relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Everest Indem. Ins. Co.*, 980 F. Supp.2d at 1277 (quoting *Surfvivor Media Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir. 2005)). Where, as here, a parties' "initial discovery responses consist[ ] of little more than baseless, blanket objections which force [the requesting party] to file motions to compel," courts strike the improper objections, order the production of all requested discovery, and consider sanctions for the obstructionist tactics, as appropriate. *See E.E.O.C. v. Fry's Electronics, Inc.*, 287 F.R.D. 655, 658 (W.D. Wash. 2012).

Moreover, WFIS has indicated that it will continue to game discovery following the parties' Rule 37 conference by stating that it will not produce either of its expert witnesses for deposition and unilaterally noting a series of depositions on dates where ABD had previously

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

attempted to secure depositions.[6] *See* Gonzalez Decl. at ¶¶ 17, 18. These actions, and WFIS's experts' reports, only underscore the relevance and importance of the requested discovery.

**C. WFIS's Unsupported, Boilerplate Objections to Written Discovery Fail to Justify Its Arbitrary Refusal to Respond and Merit an Award of Costs and Fees**

As noted above, WFIS asserted generic objections to ABD's First Interrogatories and Requests for Production of Documents but failed to completely respond to the discovery requests as written.[7] This impermissible practice has unnecessarily driven up the costs of this litigation and is substantially prejudicing ABD's ability to identify and depose critical witnesses, issue targeted discovery, and evaluate and manage its case. WFIS's conduct should not be tolerated.

The Federal Rules require that responding parties fully respond and that any objections to discovery must be substantiated and made with specificity. *See, e.g., Salazar v. Monaco Enters., Inc.*, 2015 WL 8773279, at *4 (E.D. Wash. Dec. 14, 2015) (citing *BNSF Ry. Co. v. U.S. Dist. Ct., Dist. of Mont.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005) ("boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to support a privilege")); *see also Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168 (N.D. Iowa 2017) (describing in detail the information that must accompany each objection or assertion of privilege). Notwithstanding these clear rules, WFIS provided the following:

> REQUEST FOR PRODUCTION NO. 6: All Documents within Your possession, custody, or control, that refer or relate to the resignation or termination of any former WFIS or USI Maritime Group Sales and/or Account Executive from January 1, 2016 to present.
>
> RESPONSE TO REQUEST NO. 6: Plaintiff objects to this request on the grounds that it is overbroad in time and scope, and is unduly burdensome for that reason. Plaintiff further objects that this Request seeks information that is not relevant to any claim or defense in this case. Plaintiff further objects to this Request because it calls for Plaintiff to disclose highly confidential information to which Defendant has no right and which has no conceivable relevance to any

---

[6] On September 20, 2018 WFIS stated that it would produce one of its experts on the previously agreed upon date and explained that the other was experiencing significant health issues that make him unavailable prior to the close of discovery. Gonzalez Decl. ¶ 18, Ex. L.

[7] WFIS provided the individual named defendants' employment files, the Wells Fargo Team Member Handbook, and the Wells Fargo Code of Ethics and Business Conduct in its initial disclosures.

> claim or defense at issue in this lawsuit. Plaintiff further objects to the extent that "refer or relate" is intended to extend to documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Privileged or otherwise protected documents will not be produced. To the extent Plaintiff withholds any documents on the basis of any privilege or other protection, such materials will be identified on a privilege log in compliance with the requirements of the federal discovery rules. Plaintiff is not currently aware of any responsive documents that are being withheld on the basis of any privilege or other protection.

Gonzalez Decl., Ex. F at pp. 79-80. WFIS has produced **zero** documents in response to this request and issued a substantially similar objection to more than **60** discovery requests. *Id.* at ¶ 8 and Ex. F, *passim*.

Counsel is not aware of any authority permitting a party to withhold responsive documents, information, or materials based on generic assertions of "relevance," "confidentiality," or an incorrect assertion that discovery requests are "premature." Indeed, courts throughout the United States consistently and unequivocally reject these arguments.

Parties may not withhold responsive documents based on an unsubstantiated assertion that the materials sought are "irrelevant." Rule 26(b)(1) does not give any party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case," because "litigation in general and discovery in particular . . . are not one sided." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014); *see also Johnson v. Jones*, 91 Wash. App. 127, 133, 955 P.2d 826 (1998) ("A defendant or his counsel may not unilaterally determine the relevance of evidence during discovery . . ."). If WFIS wishes to withhold information, it must move for a protective order. It has not.

Objections that discovery requests are premature are also improper. As every court to consider the issue makes clear:

> It is not a valid objection that interrogatories or requests for documents are 'premature' if, as is the case here, they were propounded after the time specified in Rule 26(d)(1) or (d)(2) and there was no order specifying the timing of discovery on any specific issues.

*Liguria Foods*, 320 F.R.D. at 186 (internal citations omitted).

WFIS's blanket objections appear to be interposed solely for the purposes of obscuring the issues and thwarting ABD's discovery. *Green v. Seattle Art Museum*, 2008 WL 624961 at *4 (WDWA Feb. 8, 2008) (Compelling production of "confidential" settlement agreements and other materials.). WFIS has not moved for a protective order and in fact agreed to withdraw the majority of these objections during the parties' meet and confer, implicitly admitting that the objections were improper and for the strategic purpose of delay. At bottom, WFIS's responses obfuscated either (i) its failure to timely collect responsive documents or materials; or (ii) the fact that WFIS does not have any evidence supporting its claims. Neither is a permissible basis to assert generic, misleading objections.

ABD requests its costs incurred in obtaining responsive discovery from WFIS, including its reasonable attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). As shown throughout this memorandum, WFIS propagated boilerplate, generic discovery responses that do not justify its delay in collecting and/or withholding of responsive, nonprivileged documents and materials. This approach, coupled with WFIS's demonstrated and persistent unwillingness to cooperate with ABD to timely address discovery issues, shows contempt for both the letter and the spirit of the discovery rules, which expressly require cooperation. WFIS's wrongful withholding is not substantially justified, such that an award of expenses is just.

## V. CONCLUSION

ABD respectfully requests an order compelling WFIS to completely respond to all Interrogatories and to produce all documents requested, with all objections struck. ABD also requests its reasonable costs and attorneys' fees caused by WFIS's failure to respond to discovery. Fed. R. Civ. P. 37(a)(5)(A); (d). ABD will submit—upon this Court's instruction—an appropriate cost bill for all fees and costs incurred in bringing this motion.

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

DATED this 20th day of September, 2018.

By: s/Justo G. Gonzalez

By: s/Jaime Cuevas, Jr.

Justo G. Gonzalez (WSBA #39127)
Jaime Cuevas, Jr. (WSBA #51108)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 626-6000
Fax: (206) 464-1496
Email: jgg@stokeslaw.com
Email: jcj@stokeslaw.com

Attorneys for Defendants

ABD'S MOTION TO COMPEL DISCOVERY RESPONSES - 2:17-cv-01394 RSL
55331-001 \ 2437187.docx
-12-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2018, I caused the foregoing to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James G. Zissler
Thomas P. Holt
Emily R. Cardenas
Littler Mendelson P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101-3122
jzissler@littler.com
tholt@littler.com
ecardenas@littler.com

s/Justo G. Gonzalez
Justo G. Gonzalez (WSBA #39127)

ABD'S MOTION TO COMPEL DISCOVERY RESPONSES - 2:17-cv-01394 RSL
55331-001 \ 2437187.docx
-13-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000