# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STANLEY OGDEN, *et al.*, <br><br> Defendants. | NO. C17-1394RSL <br><br> ORDER DENYING MOTION TO CONTINUE CASE MANAGEMENT DEADLINES |

This matter comes before the Court on "Plaintiff USI Insurance Services National, Inc.'s Motion for Relief from Deadlines and to Continue Trial Date." Dkt. # 49. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed is not recognized as good cause." Dkt. # 24 at 2. Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the

ORDER DENYING MOTION TO CONTINUE
CASE MANAGEMENT DEADLINES - 1

efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Plaintiff seeks an extension of the October 7, 2018, discovery deadline and all other pending case management dates because: (1) a parallel restrictive covenants action pending in state court and a related arbitration have "almost completely consume[d] the discovery period in this case" (Dkt. # 49 at 3); (2) plaintiff suspects that defendants in the related litigation/arbitration have shielded documents from discovery through improper claims of privilege; (3) defense counsel agreed to a continuance on August 28, 2018, but reneged two weeks later; (4) one of plaintiff's experts is ill and will not be available for deposition until December at the earliest; and (5) defendants have withheld documents during discovery in this matter.[1] The first two arguments are unpersuasive. The fact that plaintiff prioritized another lawsuit over this one does not suggest that it was diligent in its efforts to comply with the case

---

[1] Plaintiff may not seek an extension of the case management deadlines on behalf of defendants or their counsel.

ORDER DENYING MOTION TO CONTINUE
CASE MANAGEMENT DEADLINES - 2

management deadlines established by the Court almost a year ago. Nor do potential discovery issues in separate litigation justify a failure to diligently pursue discovery in this case.

Plaintiff's admitted focus on the related litigation/arbitration suggests that it was not diligently pursuing discovery between the time it served its written requests in January 2018 and the time it turned its attention to this case at the end of August 2018.[2] Plaintiff's request for a continuance of the case management deadlines was prompted, at least in part, by its need for more time to produce documents. While defense counsel understood that the remaining production could not occur by the discovery cut off and was willing to consider a stipulated extension of the case management deadlines, his clients flatly refused to drag this litigation out. It was not until defendants turned down plaintiff's request for a continuance that plaintiff determined that defendants' May 2018 production was incomplete and began the required meet and confer process. Defendants' refusal to extend the discovery deadline at the very end of the discovery period does not mean that plaintiff was diligent in its efforts to comply with the case management order.

With regards to Mr. Tilden's illness, he was able to complete his expert report shortly before beginning treatment, and the parties have agreed to extend the discovery deadline for the purpose of taking his deposition if and when he becomes available. His situation is evolving and may yet provide good cause for an extension of the trial date. Any case management issues related to Mr. Tilden's presence at trial can be raised as that date approaches.

---

[2] Two emails in May 2018 inquiring about the status of defendants' document production do not establish diligence. Defendants had served their written responses more than two months earlier and provided documents in response to plaintiff's emails almost immediately. From mid-May until the end of August, plaintiff did nothing to remedy the fact that the production was, in its opinion, "devoid of the materials" requested. Dkt. # 65 at 3.

ORDER DENYING MOTION TO CONTINUE
CASE MANAGEMENT DEADLINES - 3

The fact that there are outstanding discovery disputes does not justify a wholesale extension of the discovery cutoff date. The parties both propounded discovery requests during the discovery period, were dissatisfied with the responses, and filed timely motions to compel. Any past discovery failures will be remedied through those motions. By filing a separate motion to continue, plaintiff seeks more than full and complete responses to the discovery requests it timely served. Rather, it seeks to extend or reopen discovery so that it can pursue additional lines of inquiry and note additional depositions. Having failed to show that it was diligent in its efforts to complete discovery before the original discovery deadline, plaintiff is not entitled to an extension of that deadline.[3]

For all of the foregoing reasons, plaintiff's motion to modify the case management deadlines is DENIED with the exception of leave to conduct Mr. Tilden's deposition at a mutually agreeable time.

Dated this 7th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] This determination is without prejudice to the parties' ability to seek an extension of the remaining case management deadlines.

ORDER DENYING MOTION TO CONTINUE
CASE MANAGEMENT DEADLINES - 4