UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC.,

Plaintiff,

v.

STANLEY OGDEN, *et al.*,

Defendants.

NO. C17-1394RSL

ORDER GRANTING IN PART DEFENDANT ABD'S MOTION TO COMPEL DISCOVERY RESPONSES

This matter comes before the Court on "Defendant ABD Insurance & Financial Services, Inc.'s Motion to Compel Discovery Responses." Dkt. # 41. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ABD served its interrogatories and requests for production on June 20, 2018. At plaintiff's request, ABD agreed to two extensions of time in which to respond. Plaintiff timely served responses on August 10, 2018, objecting to virtually every request. Contrary to the impression left by ABD's motion, however, the objections, while numerous, were directed at each specific request,[1] and plaintiff provided significant, material information in response to

---

[1] That is not to say that every objection had merit. Plaintiff's insistence that the discovery requests were "premature" is particularly troubling.

ORDER GRANTING IN PART MOTION
TO COMPEL DISCOVERY RESPONSES - 1

some of the interrogatories. The main issue raised by ABD's motion is not the quantity or quality of plaintiff's objections: rather, it is that plaintiff failed to produce a single document in response to the discovery requests even when it agreed that responsive documents should be produced. Despite the fact that it had almost two months in which to respond to the discovery requests, plaintiff apparently had not yet begun a search for responsive documents as of August 10th. At that point in time, it anticipated that the first production would not occur until September 1st.

The parties met on August 28, 2018, to discuss discovery issues. Plaintiff obtained clarification regarding certain discovery requests and agreed to supplement its responses. In the context of discussing the timing of production, plaintiff requested a continuance of the case management deadlines. Defense counsel, understanding that the remaining production could not occur by the discovery cut off, expressed a willingness to consider extending the deadlines. Plaintiff produced no documents on September 1st as it has promised. When defense counsel checked with his client, it flatly refused to extend the discovery deadline. On September 10th, ABD sent a lengthy letter to plaintiff indicating that it would not stipulate to a continuance of the case management deadlines and identifying specific problems with plaintiff's discovery responses. Dkt. # 42-7. The parties held another discovery conference on September 13th. Plaintiff agreed to withdraw most of its objections, but was still unable or unwilling to estimate when document production would commence, much less be completed. ABD filed this motion a week later on the last possible day under the case management schedule. No documents had been produced as of that date. In its response to ABD's motion, plaintiff indicated that it hoped to obtain, review, and start producing documents by November 1st.

Plaintiff argues that the motion to compel should be denied because the parties had not

negotiated to an impasse and several of the discovery requests are unduly burdensome or seek irrelevant information. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Timeliness of Production**

Plaintiff failed to search for and produce responsive documents in anything like a reasonable amount of time. Defendant served its discovery requests more than three months before discovery closed, granted reasonable extensions, met and conferred, and yet had no documents in hand as the discovery cutoff approached. Plaintiff failed to meet its obligations under the federal discovery rules, and defendant properly filed this motion by the deadline set by the Court in an effort to force plaintiff to respond to its outstanding discovery requests.

The fact that defendant refused to stipulate to an extension of the discovery deadline does not change that conclusion. Plaintiff apparently had this case on a back burner and chose to wait until defendant forced the issue to begin collecting and reviewing documents. While plaintiff's conduct undoubtedly made timely production impossible, defendant was under no obligation to fix the problem plaintiff had created. Nor do vague and belated concessions during a meet and confer make this motion to compel premature. First, the deadline for filing a discovery-related motion had arrived, and ABD did not have the luxury of waiting any longer. Second, even after two conferences between counsel, it was unclear which objections would be withdrawn and which objections would continue to be asserted – or which documents those objections would shield. Finally, a promise to begin producing documents three weeks after discovery closed and five days before dispositive motions were due is, in the context of this case, unreasonable. Except as set forth below, plaintiff shall immediately produce all responsive information and

ORDER GRANTING IN PART MOTION
TO COMPEL DISCOVERY RESPONSES - 3

documents in its custody, possession, or control.

**B. Undue Burden**

Plaintiff objects to Interrogatory No. 4 as burdensome, overbroad, and not in proportion to the needs of the case. Dkt. # 56 at 9-10. The interrogatory seeks "all communications" regarding plaintiff's compensation, commissions, and bonuses for the maritime insurance group from January 1, 2010, to December 31, 2017. Plaintiff objects on the ground that it would have to review virtually all communications over an eight year period to determine whether compensation, commissions, or bonuses are mentioned and that this task is not reasonable given that the time frame at issue in this case is limited (the individual defendants resigned and began working for ABD on or after March 18, 2016) and the relevance of the information is unclear. Defendant does not explain why pay structures - whether implemented or not - over an eight year period are relevant to this case, much less that their importance outweighs the obvious burden of searching for "all communications" that touch on such a broad topic. Plaintiff's objections are sustained: it need not supplement its response to Interrogatory No. 4.

**C. Relevancy Objections**

Plaintiff objects to Interrogatories Nos. 19 and 21-23 and Requests for Production Nos. 35-38 on the ground that they are outside the scope of Rule 26(b)(1). Interrogatory No. 19 seeks the identity of all of plaintiff's maritime group sales and account executives or advisors who resigned from January 1, 2010, to the present. In response, plaintiff identified only the individual defendants, arguing that the identity of other employees who resigned over a nine year period has no relevance to any claim or defense in this case. Defendant has not shown how this information will help it defend against plaintiff's claim or prove its affirmative defenses.

ORDER GRANTING IN PART MOTION
TO COMPEL DISCOVERY RESPONSES - 4

Information regarding other employees who left plaintiff's employ years ago and/or who retired, changed careers, or otherwise refrained from taking accounts with them has no perceptible relevance. Plaintiff need not supplement its response to Interrogatory No. 19.

Interrogatories Nos. 21-23 seek information regarding any investigations conducted, penalties imposed, or disciplinary actions taken regarding plaintiff's consumer practices from January 1, 2010, to the present. In addition to raising an unsupported claim of undue burden, plaintiff argues that the information sought is irrelevant to any claim or defense asserted in this litigation. Defendant struggles to articulate why it needs this information. It suggests that the public relations disasters in which Wells Fargo was embroiled in 2015 and 2016 likely impacted the value of the brand plaintiff purchased and the amount plaintiff paid for the marine insurance group. It then argues that the hypothesized reduction in the purchase price "would affect Plaintiff's damages or duty to mitigate." Dkt. # 61 at 6. These interrogatories do not seek information regarding what plaintiff knew regarding the investigations, penalties, or disciplinary actions, how plaintiff developed its offer for the marine insurance group, or data regarding plaintiff's calculation of the present value of future losses associated with the loss of clients to ABD. The interrogatories, as written, have minimal, if any, relation to the issues in this case. Plaintiff need not supplement its responses to Interrogatories Nos. 21-23.

Requests for Production Nos. 35-36 seek documents related to the investigations, penalties, and disciplinary actions that were the subject of Interrogatories Nos. 21-23. No further production will be required.

Requests for Production Nos. 37-38 seek documents relating to any settlement with a former maritime group sales and account executive or advisor from January 1, 2010, to the

present, including an agreement to resolve a lawsuit filed in the United States District Court for the Eastern District of Washington in 2016. Plaintiff objects to these requests on the ground that they "require Plaintiff to produce documents and information about individuals with no conceivable connection to Defendants or to any claim or defense at issue in this lawsuit." Dkt. # 56 at 12 (repeating verbatim the discovery response). Plaintiff does not assert that the settlements are confidential and does not dispute that they provide information regarding the valuation of a book of business. Rather, it suggests that the amount for which Wells Fargo was willing to settle potentially similar disputes with its former employees says nothing about plaintiff's litigation and settlement strategies and that ABD should be satisfied with plaintiff's expert's valuation of the business that was allegedly diverted to ABD. That plaintiff and Wells Fargo might value a book of business differently does not change the fact that Wells Fargo's valuation may be admissible to prove damages. Nor must defendant accept the valuation calculated by plaintiff's expert: discovery is designed so that defendant has an opportunity to test plaintiff's theories and calculations. Plaintiff shall immediately produce all documents responsive to Requests for Production Nos. 37-38.

**D. Untimely Requests for Relief**

In its reply memorandum, defendant seeks an order excluding two of plaintiff's experts from testifying at trial and "other and further sanctions . . . to address [plaintiff's] failure to participate in discovery." Dkt. # 61 at 7. The Court will not consider requests for relief first raised in reply.

**E. Attorney's Fees**

In response to defendant's motion, plaintiff finally began the process of locating,

ORDER GRANTING IN PART MOTION
TO COMPEL DISCOVERY RESPONSES - 6

reviewing, and producing responsive documents. When called upon to justify its prior failures or its numerous objections, plaintiff abandoned almost all of its objections and simply requested more time to do what it should have done months ago. The Court finds that the vast majority of plaintiff's nondisclosures and objections were wholly unjustified. Defendant is entitled to an award of the reasonable expenses incurred in making this motion, including attorney's fees.

For all of the foregoing reasons, defendant's motion to compel (Dkt. # 41) is GRANTED in part and DENIED in part. Plaintiff shall, within seven days of the date of this order, supplement its responses as set forth above. To the extent plaintiff withholds documents based on a privilege,[2] a log sufficient to allow defendant and the Court to evaluate the various claims of privilege must be provided with the production. At a minimum, the privilege log must identify the nature of the redacted or withheld information, its date, the parties thereto (and their connection to this litigation, if relevant), the privilege that justifies the failure to disclose, and any other information necessary to show that the privilege applies.

//

//

//

---

[2] If the privileged information can be redacted, the remainder of the document must be produced.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), ABD may, within seven days of the date of this Order, file an affidavit and supporting records regarding the fees and costs incurred in making this motion (but not including any fees associated with the meet and confer process). The fee application shall be noted on the Court's calendar for the second Friday after filing. Plaintiff may file a response on or before the note date.

Dated this 9th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
TO COMPEL DISCOVERY RESPONSES - 8