UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC.,

Plaintiff,

v.

STANLEY OGDEN, *et al.*,

Defendants.

NO. C17-1394RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery Responses from Defendants." Dkt. # 44. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff served interrogatories and requests for production on each defendant on or about January 9, 2018. Defendants timely responded on February 9th, objecting to virtually every request. Contrary to the impression left by plaintiff's motion, however, the objections, while numerous, were directed at each specific request, and defendants provided significant, material information in response to some of the interrogatories. Defendants did not produce a single document in response to the discovery requests. On May 8, 2018, plaintiff inquired about the status of defendants' document production, and defendants produced over 1660 pages the

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 1

following week. The documents included wireless statements for some of the individual defendants, ABD's employee handbook, personnel documents related to the individual defendants, communications between ABD and three of the individual defendants prior to their employment with ABD, and communications between two of the individual defendants and plaintiff's customers right around the time they began their employment with ABD.

On August 28, 2018, in the context of discussing a schedule for plaintiff's overdue document production and an ESI protocol, plaintiff requested a continuance of the case management deadlines. Defense counsel, understanding that the remaining production could not occur by the discovery cut off, expressed a willingness to consider extending the deadlines. When he checked with his clients, however, they flatly refused to extend discovery, and defendants insisted that plaintiff produce responsive documents before the discovery deadline. Two days later, plaintiff apparently discovered for the first time that defendants' May 2018 production was deficient and requested that defendants make themselves available "for an immediate discovery conference." Dkt. # 45-1 at 131.

The parties met and conferred to discuss the status of both of their productions on September 13th. Defendants requested, and plaintiff agreed to provide, targeted search terms for defendants to use when querying their ESI. Six days later, a thirty-three page list of search terms was provided to defendants with a request that the records be produced by September 24th. This motion was filed on September 20th, the last possible day under the case management schedule, one day after plaintiff identified search terms, and three days before plaintiff had requested production.

Neither party's conduct stands up to scrutiny in this matter. Defendants feigned confusion

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 2

and twisted plaintiff's discovery requests to justify responses that are as limited and unhelpful as possible. Interrogatory No. 5, for example, seeks detailed descriptions of the services the individual defendants performed for ABD between January 1, 2016, and the present. Defendants did not understand the term "services" or what dates were of interest. It arbitrarily and unilaterally answered a question that was not asked, namely "did ABD pay the individual defendants for services performed before they began working for ABD?" While that information was undoubtedly of interest to plaintiff, defendants could not, in good faith, have believed that plaintiffs were not also interested in learning what pre-employment services were performed for ABD without payment and/or what type of services the individual defendants were providing for plaintiff's former clients on behalf of ABD. Discovery is not a game: defendants were obligated to provide complete responses to plaintiff's discovery requests thirty days after they were served. Instead, they unreasonably interpreted the requests to limit their usefulness and curtail their production.

Plaintiff, for its part, ignored this litigation until the last possible moment, creating an unnecessary and unmanageable time crunch at the very end of discovery. Any defects in defendants' responses would have been apparent months earlier had plaintiff cared to look. Defendants' periodic efforts to discuss ESI search terms were repeatedly rebuffed. Even as the discovery cutoff approached and defendants sought a meet and confer to discuss plaintiff's discovery failures, plaintiff made no effort to pursue its own discovery requests. It was not until defendants refused to stipulate to an extension of the discovery deadline that plaintiff determined that defendant's responses were evasive and deficient. One day before filing this motion, plaintiff demanded that defendants run hundreds of searches on their ESI. Plaintiff did not even

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 3

wait until the unreasonably short production period it set had expired before it filed this motion.

Plaintiff seeks to compel the production of complete responses to its written discovery requests and the complete results of the ESI searches it listed on September 19th. It also seeks to reopen discovery so that it can recall witnesses who have already been deposed and/or notice additional depositions to follow up on defendants' production. While defendants cannot feign confusion and reinterpret discovery requests for their own purposes without repercussions, the relief plaintiff seeks is expansive and unjustified. Plaintiff discusses only two discovery requests in its motion, and the record shows that defendants produced information and documents in response to some requests and raised seemingly meritorious objections to others. The Court will not infer arguments that plaintiff did not make. Nor does plaintiff explain why, if it obtains information regarding services provided in response to its written discovery requests it propounded, it would need or be entitled to the ESI search results.[1] Finally, plaintiff has not justified reopening discovery to make up for the fact that it was not diligent in pursuing discovery over the past year.

For all of the foregoing reasons, the Court finds that a reasonable balance of the equities in this matter and the Court's preference for deciding cases on the merits warrants additional, but limited, production. Plaintiff's motion to compel (Dkt. # 44) is therefore GRANTED in part and DENIED in part. Defendant shall, within seven days of the date of this order, supplement its responses to provide the following information and all related documents:

---

[1] Defendants have indicated that the search terms are so generic that they will return over 100,000 documents, many of which would likely be unrelated to the issues in this litigation or will provide no new information.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 4

1. A detailed description of any services, whether compensated or uncompensated, provided by the individual defendants to, for, or on behalf of ABD prior to the beginning of their employment with ABD;

2. A detailed description of any contact or communication between defendants and the former Wells Fargo accounts/customers identified by plaintiff in response to Defendants' First Set of Discovery Requests, Interrogatory No. 17 between January 1, 2016, and the date on which the accounts/customer were transferred to ABD;

3. A general description of the nature of the products and services provided by defendants to the former Wells Fargo accounts/customers identified by plaintiff in response to Defendants' First Set of Discovery Requests, Interrogatory No. 17 from the date each individual defendant began working for ABD to two years after each individual defendant resigned from Wells Fargo; and

4. State the amount of money or other forms of revenue derived by ABD from the former Wells Fargo accounts/customers identified by plaintiff in response to Defendants' First Set of Discovery Requests, Interrogatory No. 17 between January 1, 2016, and the present.

A protective order is now in place: all relevance and confidentiality objections related to the topics described above are overruled. To the extent defendant withholds documents based on a privilege,[2] a log sufficient to allow plaintiff and the Court to evaluate the various claims of privilege must be provided with the production. At a minimum, the privilege log must identify the nature of the redacted or withheld information, its date, the parties thereto (and their

---

[2] If the privileged information can be redacted, the remainder of the document must be produced.

connection to this litigation, if relevant), the privilege that justifies the failure to disclose, and any other information necessary to show that the privilege applies.

Defendants' request for an award of fees is DENIED.

Dated this 9th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 6