UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC.,

Plaintiff,

v.

STANLEY OGDEN, *et al.*,

Defendants.

NO. C17-1394RSL

ORDER CLARIFYING SUMMARY JUDGMENT ORDER

This matter came before the Court on the parties' cross-motions for summary judgment (Dkt. # 70 and Dkt. # 75). Plaintiff sought, among other things, summary determinations that defendant John Haskell, a former Wells Fargo employee, breached his employment agreement and that ABD Insurance and Financial Services, Inc., his current employer, tortiously interfered with plaintiff's contractual relations or business expectancy. On March 6, 2019, the Court found as a matter of law that Mr. Haskell breached a promise not to promote the solicitation or recruitment of his former co-workers. The Court also found that ABD tortiously interfered with plaintiff's contractual relations when Mr. Haskell assisted ABD in recruiting his former co-workers.

Fifteen days later, Mr. Haskell and ABD filed a "Motion for Clarification." Dkt. # 129.

ORDER CLARIFYING SUMMARY
JUDGMENT ORDER - 1

Defendants request that the Court "clarify" that it did not make any findings regarding the solicitation or recruitment of co-workers who were never mentioned in the underlying motions papers and about whom no evidence was provided. To the extent such clarification is necessary, the motion is GRANTED. The Court made no findings regarding whether Mr. Haskell promoted the solicitation or recruitment of Ray Pinney, Megan Davidson, Dave McCallum, or Gail Adams.

Defendants also seek clarification as to which of the former co-workers discussed in the underlying papers the Court found were subject to Mr. Haskell's promotion activities. Clarification is appropriate because the Court's finding of breach of contract could have been based on Mr. Haskell's interactions with Lewis Dorrington, Mary Mark, and/or Amy Baird. The Court concluded that when Mr. Haskell substantively responded to his former co-workers' inquiries regarding his employment at ABD and put them in touch with individuals at ABD who could provide additional information regarding the company and/or employment opportunities, he promoted the recruitment of his former co-workers in violation of his 2013 and 2015 agreements. Based on this understanding of what constitutes "promot[ing] the solicitation and recruitment" and the facts in the record, the Court found that Mr. Haskell engaged in promotion activities with regards to Mr. Dorrington (Dkt. # 71-1 at 104-05), Ms. Mark (Dkt. # 71-1 at 106-08), and Ms. Baird (Dkt. # 71-1 at 109-10) in violation of his agreements.

Finally, defendants seek reconsideration of the Court's conclusion regarding what constitutes "promot[ing] the solicitation or recruitment" of former co-workers and/or its determination that Mr. Haskell promoted ABD's solicitation of Mr. Dorrington. Motions for reconsideration must be filed within fourteen days of the order to which it relates. This part of

the motion is DENIED as untimely.[1]

Dated this 6th day of May, 2019.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] In addition, motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR Rule 7(h)(1). Defendants have not met this burden. Mr. Haskell's contracts prohibited him from not only soliciting or recruiting former co-workers in his own right, but also from promoting ABD's solicitation or recruitment efforts. When his co-workers contacted him to chat about ABD, why he chose to go there, his plans for the new office, and other related topics, Mr. Haskell faced a choice. By substantively responding and encouraging further contacts with and inquiries to ABD, Mr. Haskell assisted ABD's recruitment efforts which, as to Mr. Dorrington, were already underway. Defendants have provided no new evidence and have not shown error in the prior ruling. Even if it were timely, the motion for reconsideration would be DENIED on the merits.

ORDER CLARIFYING SUMMARY
JUDGMENT ORDER - 3