UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC., <br><br>       Plaintiff, <br><br> v. <br><br> STANLEY OGDEN, et al., <br><br>       Defendants. | NO.  2:17-cv-01394-SAB <br><br> **ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND REPORTS** |

Before the Court is Defendants' Motion to Exclude Testimony and Reports from USI's Experts Peter Nickerson & R. Bryan Tilden, ECF No. 143. The motion was heard without oral argument. Plaintiff is represented by Jeremy Wood, Thomas Holt, Anne Reuben, David Symes, and Emily Cardenas. Defendants are represented by Aviva Kamm, Lance Pelletier and Justo Gonzalez.

Defendants move the Court to exclude the opinion testimony and reports of Plaintiff's two designated exerts: Peter Nicker and R. Bryan Tilden. Defendants assert neither expert opinion is admissible at trial because they do not satisfy the requirement of Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

//

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND REPORTS** ~ 1

## Motion Standard

Fed. R. Evid. 702 provides the starting point for any evaluation of the admissibility of expert testimony. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). It states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Ninth Circuit has interpreted Rule 702 to require that "expert testimony . . . be both relevant and reliable." *Barabin*, 740 F.3d at 463 (quotation omitted). Relevancy means that the evidence "logically advance a material aspect of the party's case." *Id.* (quotation omitted). The reliability inquiry asks whether an expert's testimony has a "reliable basis in the knowledge and experience of the relevant discipline." *Id.* (quoting *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 149 (1999)).

The reliability inquiry is a "flexible one." *Kumho Tire Co.* 526 U.S. at 150. The Supreme Court has suggested several facts that can be used to determine the reliability of expert testimony: 1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; 4) the existence and maintenance of standards and controls and 5) whether the theory or technique enjoys general acceptance within the relevant scientific community. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert*, 509 U.S. at 592–94. These factors

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND REPORTS** ~ 2

may be applicable in assessing the reliability of non-scientific expert testimony, depending on "the particular circumstances of the particular case at issue." *Kumho*, 526 U.S. at 149. Whether these specific factors are reasonable measures of reliability in a particular case is for the trial court to decide. *Id.* at 153.

The district court must "act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). The court is to conduct a "holistic" analysis of the expert's testimony. *United States v. W.R. Grace*, 504 F.3d 745, 762 (9th Cir. 2007). It should review the expert's opinion testimony for "overall sufficiency of the underlying facts and data, and the reliability of the methods, as well as the fit of the methods to the facts of the case." *Id.* at 765. When there is too great an analytical gap between the data and the opinion proffered, the trial court may properly exclude the testimony as unreliable. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). The proponent of expert testimony has the burden of establishing that the admissibility requirements are met by a preponderance of the evidence. *Daubert*, 509 U.S. at 592 n.10; *Lust v. Merrell Dow Pharms. Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

"Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595.

### Dr. Nickerson's Report

Dr. Nickerson calculated projected losses of $5,650,146, $1,295,608, and $3,510,644 associated with Mr. Ogden, Ms. O'Keefe, and Mr. Dorrington, respectively, totaling $10,456,3986. He calculated Present Value-adjusted projected losses of $5,472,326, $1,250,419, and $3,432,079 for the three named Defendants respectively, totaling $10,154,8247. All calculations reflect the 10-year period spanning February 1, 2017 and January 31, 2027.

### Mr. Tilden's Report

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND REPORTS** ~ 3

1   Mr. Tilden opined that: based on the Best Practices Study, an average retention rate of 92.9% for renewal business; Plaintiff's retention rate compares favorably to the industry benchmarks; the Marine book of business is a book of business that is considered a specialty book of business and specialty books of business have a higher retention rate; and when a producer leaves an agency and honors the non-piracy agreement, it was his experience that a producer would only re-write 20% to 30% of the commission.

Dr. Nickerson relied on Mr. Tilden's rewrite percentages in formulating his damages conclusions.

**Analysis**

In their motion, Defendants do not challenge the expert qualifications of Plaintiffs' experts. The Court finds that Plaintiffs have met their burden of showing that Dr. Nickerson and Mr. Tilden's expert testimonies are relevant and reliable and thus meets Fed. R. Evid. 702 requirements for admissibility.

Dr. Nickerson is permitted to rely on financial data supplied by Plaintiff's finance team without independently verifyubg the accuracy of the data reviewed. Any concerns about the accuracy of the data supplied by Plaintiff can be explored through cross-examination. Plaintiff has indicated that Wilson Criswell will testify at trial and will be available for cross-examination.

Defendants have not challenged Dr. Nickerson's methodology, except to challenge the use of certain percentages and the use of a 10-year span for damages. These challenges go to the weight and credibility of his testimony, but not its admissibility. This is true for all of Defendants' arguments challenging Dr. Nickerson's testimony as well Mr. Tilden's testimony. Defendants are free to challenge the underlying facts and accuracy of the proffered experts' opinions at trial.

//
//

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND REPORTS** ~ 4

Accordingly, **IT IS ORDERED:**

1. Defendants' Motion to Exclude Testimony and Reports from USI's Experts Peter Nickerson & R. Bryan Tilden, ECF No. 143, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 31st day of July 2020.

*/s/ Stanley A. Bastian*
_____
Stanley A. Bastian
U.S. District Judge

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND REPORTS ~ 5**