UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY OGDEN, et al.,<br><br>    Defendants. | NO. 2:17-cv-01394-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY DEADLINES** |

Before the Court is Defendants' LCR7(j) and Fed. R. Civ. Proc. 16(b)(4) Motion for Relief from Expert Discovery Deadlines, ECF No. 167. The motion was heard without oral argument. Plaintiff is represented by Megan Crowhurst, Thomas Holt, Anne Reuben, and David Symes. Defendants are represented by Chrisopher Banks, Debra Fischer, Aviva Kamm, Lance Pelletier and Justo Gonzalez.

Defendants move the Court to extend the expert discovery deadline, or in the alternative, exclude the July 16, 2019 opinion of Plaintiff's expert Peter Nickerson. After reviewing the parties' briefing and fully considering this matter, the Court denies Defendants' LCR7(j) and Fed. R. Civ. Proc. 16(b)(4) Motion for Relief from Expert Discovery Deadlines.

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY DEADLINES** ~ 1

## Motion Standards

Fed. R. Civ. P. 16(b)(4) provides:

(4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 26 provides, in part:

(a) (2)(E) *Supplementing the Disclosure.* The parties must supplement [expert] disclosures when required under Rule 26(e)

\*\*\*

(e)(2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extended both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Local Rule 7(j) provides:

(j) Motions for Relief from a Deadline

A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

On November 15, 2017, Judge Lasnik entered a Case Management Order, stating, in part:

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY DEADLINES** ~ 2

> These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed is not recognized as good cause.

ECF No. 24.

The Case Management Order also set the deadline for reports from expert witnesses for August 8, 2018. *Id.*

## Background Facts

On August 8, 2018, Plaintiff disclosed and submitted its expert reports, which included reports from R. Bryan Tilden and Peter Nickerson. On October 3, 2018, Dr. Peter Nickerson issued a supplemental report on Plaintiff's alleged damages, correcting his inadvertent failure to account for certain cost savings favorable to Defendants. Plaintiff also produced eight Excel files that included financial "pro forma" from the Defendant producers, including the revenues specifically attributable to each individual Defendant, the underlying account revenue info for each broker or "producer," and the specific lost revenue per producer that went to other parties with the individual Defendants' departure from Plaintiff. On October 30, 2018, Dr. Nickerson produced his complete expert file in response to Defendants' subpoena.

Defendants did not designate any experts or rebuttal experts. Defendants took Dr. Nickerson's deposition on October 30, 2018.

On March 6, 2019, Judge Lasnik granted in part, and denied in part, the parties' Motions for Summary Judgment. ECF No. 128. In doing so, some of the Defendants were dismissed from the action. Judge Lasnik also noted that the lump sum calculation of lost profits presented by Plaintiff's experts "makes it impossible to allocate damages to those defendants who actually breached an enforceable restrictive covenant or duty. *Id.* Judge Lasnik encouraged the parties to resume or restart settlement negotiations. *Id.*

The parties engaged in settlement talks in July 2019. The talks were

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY DEADLINES** ~ 3

unsuccessful. ECF No. 137. As part of the settlement talks, Plaintiff provided a Report from Dr. Nickerson dated July 16, 2019. ECF No. 168-5. The report was attached to Plaintiff's Mediation Statement, which indicated that it was Confidential and For Settlement Purposes Only. ECF No. 168-4.

Shortly thereafter, this case was reassigned to this Court. On February 29, 2020, Defendants filed a Motion to Exclude Testimony and Reports of USI's Experts Peter Nickerson & R. Bryant Tilden. ECF No. 143. In response to the Motion, Plaintiff submitted Dr. Nickerson's July 16, 2019 Report. ECF No. 147-3. Relying on that Report, the Court denied Defendants' Motion on July 31, 2020. ECF No. 153.

## Analysis

Defendants now seek an extension of the deadline for filing expert rebuttal reports or in the alternative, seek to exclude Dr. Nickerson's testimony based on the July 16, 2019 Report.

Defendants have not demonstrated good cause to extend the deadline for filing expert rebuttal reports.[1] Defendants attempt to use the alleged late disclosure of Dr. Nickerson's July 16, 2019 report to justify its request to extend the deadline. However, Dr. Nickerson's July 16, 2019 Report is not untimely. Rather, it is a proper supplementation to his initial timely disclosed expert report. Even if it were not, Defendants have not acted with due diligence in preserving this argument. Defendants were put on notice in March 2020 that Plaintiff intended to reply on Dr. Nickerson's July 16, 2019 Second Supplemental Report. *See* ECF No. 145. Likewise, it was clear in the Court's Order that it considered Dr. Nickerson's Second Supplemental Report when it ruled on Defendants' motion to exclude his testimony. *See* ECF No. 153. Eight months later,

---

[1] The Court finds that Local Rule 7(j) does not apply to Defendant's request to extend the expert deadline that was set forth in Judge Lasnik's Scheduling Order.

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY DEADLINES** ~ 4

Defendants are now asking the Court to reconsider that decision, although granted, this time for a different reason. Even so, if Defendants believed that Dr. Nickerson's Second Supplemental Report was improperly disclosed, the time to bring this to the Court's attention was either before it ruled on their pending motion, or shortly thereafter.

Finally, Defendants cannot credibly argue that they will be unfairly prejudiced by Dr. Nickerson's testimony based on his July 16, 2019 Second Supplemental Report, given that they have known about this report for almost three years prior to trial.

Accordingly, **IT IS ORDERED:**

1. Defendants' LCR7(j) and Fed. R. Civ. Proc. 16(b)(4) Motion for Relief from Expert Discovery Deadlines, ECF No. 167, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 21st day of March 2022.

_____
Stanley A. Bastian
U.S. District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY DEADLINES** ~ 5