UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC., | NO.  2:17-cv-01394-SAB |
| Plaintiff, | |
| v. | **JOINT PRETRIAL ORDER** |
| STANLEY OGDEN, an individual; ELENOR O'KEEFE, an individual; JOHN HASKELL, JR., an individual; and ABD INSURANCE AND FINANCIAL SERVICES, INC., a Delaware corporation, | |
| Defendants. | |

## JURISDICTION

Defendants removed this case to this Court on September 15, 2017, asserting federal jurisdiction based on diversity under 28 U.S.C. § 1332(a). The United States District Court for the Western District of Washington has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and Defendants have a good faith belief that more

**JOINT PRETRIAL ORDER** ~ 1

than $75,000, exclusive of interest and costs, is at stake. Plaintiff does not dispute the Court's jurisdiction over this matter on the basis asserted by Defendants.

**CLAIMS AND DEFENSES**

**A. Plaintiff's Claims**

When federal courts sit in diversity—as in this case—they must apply the substantive law of the state where they sit.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). Plaintiff intends to pursue damages for the following claims against Defendants based on Washington law, for which the Court has already entered summary judgment as to liability in Plaintiff's favor:

     1.    Breach of contract (against Defendants Stanley Ogden, Eleanor O'Keefe, and John Haskell, Jr.); and

     2.    Common law tortious interference with contract and/or business expectancy (against Defendant ABD Insurance and Financial Services, Inc. ("ABD")).

In addition, Plaintiff intends to pursue the following claim against Individual Defendant Stanley Ogden based on Washington law:

     3.    Breach of Washington's common law duty of loyalty (against Defendant Stanley Ogden only).

**B.    Defendants' Defenses**

Defendants intend to pursue the following affirmative defenses at trial:

     1.    Waiver;

     2.    Estoppel;

     3.    Unclean hands; and

     4.    Failure to mitigate damages.

Plaintiff contends that Defendants' affirmative defenses of waiver, estoppel, and unclean hands are precluded by this Court's summary judgment order as to liability in Plaintiff's favor. Plaintiff does not object to Defendants' affirmative defense of failure to mitigate damages.

**JOINT PRETRIAL ORDER ~ 2**

## ADMITTED FACTS

The following facts are admitted by the parties:

1.      Defendant Stanley Ogden began working for Pettit-Morry Co. ("Pettit-Morry"), a Washington insurance brokerage, in 1987.  In exchange for the purchase of all of Mr. Ogden's outstanding capital stock in Pettit-Morry, Mr. Ogden entered into an Agreement and Covenant Not to Compete.

2.      Defendant Eleanor O'Keefe began working for Pettit-Morry in 1986. In exchange for the purchase of all of Ms. O'Keefe's outstanding capital stock in Pettit-Morry, Ms. O'Keefe entered into an Agreement and Covenant Not to Compete.

3.      Through a series of corporate mergers, Pettit-Morry was ultimately acquired by Wells Fargo Insurance Services USA, Inc. ("WFIS"), which was in turn later acquired by Plaintiff USI Insurance Services National, Inc. ("USI").

4.      Lewis Dorrington began working for an entity then known as ABD Insurance and Financial Services (which was a different corporate entity from Defendant ABD, but which employed and was led by several of the same individuals) in November 2004.  This earlier ABD was also thereafter acquired by WFIS.

5.      In 2013 and 2015, Defendant John Haskell, Jr. signed new employment contracts with WFIS.

6.      While Lewis Dorrington was still employed by WFIS and after Haskell started working at ABD, Haskell met with Dorrington.

7.      During the meeting between Dorrington and Haskell, while Dorrington was still employed by WFIS and Haskell was employed by ABD, Haskell provided Dorrington with the name of ABD's President, Kurt de Grosz.

8.      Before Stanley Ogden resigned from WFIS, he told ABD's Kurt de Grosz that he (Stanley Ogden) had a book of business of approximately $1.6

**JOINT PRETRIAL ORDER** ~ 3

million and mentioned the names of certain clients, including Trident Seafoods and Harley Marine.

9.      Without waiving their rights to appeal, the parties agree that the Court made the following determinations on summary judgment:

a.   USI is entitled to enforce certain employment contracts Defendants Stanley Ogden, Eleanor O'Keefe, and John Haskell, Jr. had entered with USI's predecessor, WFIS.

b.   Both Ogden and O'Keefe had enforceable contracts with WFIS that included a provision wherein they agreed, for a period of three years after the termination of their employment with WFIS or its successors, not to "participate directly or indirectly in the handling of the insurance business of … any person, firm or entity which has been a client or customer of [their former employer] within two years prior to the date of termination of" their employment.

c.   Both Ogden and O'Keefe breached that provision in their contracts by continuing to handle the insurance business of WFIS clients after they began working for ABD.

d.   Haskell had an enforceable contract with WFIS that included a provision wherein he agreed, for a period of two years following the termination of his employment, not to "solicit, recruit or promote the solicitation of any employee . . . of [his former employer] for the purpose of encouraging that employee . . . to leave the Company's employ . . ."

e.   Haskell did not breach any other provisions in his contract with USI's predecessors, including that he did not breach the confidentiality or nonsolicitation-of-client provisions in that contract.

f.   ABD tortiously interfered with USI's contractual expectations when Ogden and O'Keefe continued handling insurance business of USI clients

**JOINT PRETRIAL ORDER ~ 4**

and when Haskell assisted ABD in recruiting his former co-worker, Lewis Dorrington.

g.  None of the following individuals who left WFIS to work at ABD breached any contractual or other duties they may have owed to USI or its predecessors: Lewis Dorrington, Cory Anderson, Mary Mark, or Marcia Ogden.

## ISSUES OF LAW

A.   The following are issues of law that both Parties agree remain to be determined by the Court (either by appropriate jury instructions or after post-trial motions):

1.   Is any party entitled to attorneys' fees and costs under RCW 4.84.330?

2.   Is Plaintiff entitled to prejudgment interest?

3.   Any other challenges to the admissibility of evidence raised in the parties' motions in limine or other evidentiary objections at trial.

B.   The following are additional issues of law that Plaintiff believes remain to be determined by the Court:

1.   Should Defendants be precluded from offering expert or lay opinion testimony regarding Plaintiff's damages?

2.   Should Defendants be precluded from offering testimony or evidence regarding consumer banking practices or alleged fraud and/or criminal conduct by Wells Fargo Bank or any of its subsidiaries?

C.   The following are additional issues of law that Defendants believe remain to be determined by the Court (either by appropriate jury instructions or after post-trial motions):

1.   Did Plaintiff prove with reasonable certainty that it would have earned additional, net profits if Stanley Ogden had not handled the business of his former WFIS customers after his employment with Plaintiff terminated?

**JOINT PRETRIAL ORDER ~ 5**

2.     If so, then what damages, if any, did USI suffer as a result of defendant Stanley Ogden's handling of business from his former WFIS customers in breach of his contractual commitments to Plaintiff?

3.     Did Plaintiff prove with reasonable certainty that it would have earned additional, net profits if Eleanor O'Keefe had not handled the business of her former WFIS customers after her employment with Plaintiff terminated?

4.     If so, then what damages, if any, did USI suffer as a result of Eleanor O'Keefe's handling of business from his former WFIS customers in breach of his contractual commitments to Plaintiff?

5.     Did Plaintiff prove with reasonable certainty that it would have earned additional, net profits if John Haskell had not promoted the solicitation of Lewis Dorrington to change employers to ABD?

6.     If so, then what damages, if any, did USI suffer as a result of defendant John Haskell's promotion of the solicitation of Lewis Dorrington to change employers to ABD in breach of Haskell's contractual commitment to Plaintiff?

7.     Did Plaintiff prove that Defendant Stanley Ogden owed a common law duty of loyalty to Plaintiff?

8.     If Plaintiff proved that Defendant Stanley Ogden owed a common law duty of loyalty to Plaintiff, did Plaintiff also prove that Stanley Ogden breached that duty by disclosing protectable, confidential information about his clients to Defendant ABD in order to solicit business while he was still employed by WFIS?

9.     If Plaintiff proved that Stanley Ogden breached a duty of loyalty to USI by disclosing protectable, confidential information about his clients to defendant ABD in order to solicit business while he was still employed by WFIS, did Plaintiff also prove with reasonable certainty that it would have earned additional, net profits if Stanley Ogden had not committed that breach of duty of loyalty to Plaintiff?

**JOINT PRETRIAL ORDER ~ 6**

10.   If so, then what damages, if any, were proximately caused by such breach?

11.   Did Plaintiff waive any of its claims for relief, in whole or in part?

12.   Should Plaintiff be estopped from recovering damages, in whole or in part, on any of its claims because it made a statement to a Defendant that caused that Defendant to fail to perform his or her contract with Plaintiff?

13.   Does the equitable defense of unclean hands bar Plaintiff, in whole or in part, from recovering on any of its claims?

## EXPERT WITNESSES

Plaintiff intends to call the following expert witnesses:

| NAME | ADDRESS/PHONE NUMBER | SUBJECTS OF INFORMATION | STATUS |
|---|---|---|---|
| R. Bryan Tilden | 526 Red Gate Road Pittsboro, NC  27312 Ph: 919.542.1042 | Mr. Tilden is an insurance industry expert and will testify about issues related to account retention, staffing, and anything else related to economic damages suffered by Plaintiff as a result of Defendants' wrongful and unlawful conduct. | Will testify. |
| Peter Nickerson, Ph.D. | c/o Nickerson & Associates LLC 520 Pike Street Suite 1200 Seattle, WA  98101 Ph: 206.332.0270 | Dr. Nickerson is an economist and will testify about historical financial aspects of WFIS's maritime practice groups, calculated average account retention, issues related to revenues, profits, and losses, reduction of damage calculations to present value, and anything else related to economic damages suffered by Plaintiff as a result of Defendants' wrongful and unlawful conduct. | Will testify. |

## OTHER WITNESSES

A. Plaintiff intends to call the following lay witness:

| NAME | ADDRESS/PHONE NUMBER | SUBJECTS OF INFORMATION | STATUS |
|---|---|---|---|
| Tim Prichard | c/o Littler Mendelson, P.C. | Mr. Prichard will testify regarding the nature of the maritime practice group's work and revenues, the role and responsibilities of John Haskell, Jr., as the former Managing Director of WFIS's Seattle Office, ABD's efforts to raid WFIS's and USI's employees and clients, and anything related to any claim or defense in the case. | Will call. |
| Wilson | c/o Littler Mendelson, | Mr. Criswell will testify regarding the nature | Will call. |

**JOINT PRETRIAL ORDER** ~ 7

| NAME | ADDRESS/PHONE NUMBER | SUBJECTS OF INFORMATION | STATUS |
|------|---------------------|------------------------|--------|
| Criswell | P.C. | of the maritime practice group's work and revenues, WFIS's cost structures, overhead, and net profits related to the maritime practice group, USI's damages caused by the wrongful conduct of ABD and the Individual Defendants, and anything related to any claim or defense in the case. | |
| Stanley Ogden | c/o Morgan, Lewis & Bockius LLP | Mr. Ogden will testify regarding his contract with WFIS, his solicitation of WFIS customers, planning and implementing the departure of WFIS's Maritime Group to ABD, the value of his client relationships to WFIS/USI, the benefits ABD now receives from his former WFIS clients, and anything related to any claim or defense in the case. | Will call. |
| Eleanor O'Keefe | c/o Morgan, Lewis & Bockius LLP | Ms. O'Keefe will testify regarding her contract with WFIS, her solicitation of WFIS customers, planning and implementing the departure of WFIS's Maritime Group to ABD, the value of her client relationships to WFIS/USI, the benefits ABD now receives from her former WFIS clients, and anything related to any claim or defense in the case. | Will call. |
| Lewis Dorrington | c/o Morgan, Lewis & Bockius LLP | Mr. Dorrington will testify regarding his contract with WFIS, his solicitation of WFIS customers, planning and implementing the departure of WFIS's Maritime Group to ABD, the value of his client relationships to WFIS/USI, the benefits ABD now receives from his former WFIS clients, and anything related to any claim or defense in the case. | Will call. |
| John Haskell, Jr. | c/o Morgan, Lewis & Bockius LLP | Mr. Haskell will testify regarding his contract with WFIS, planning and implementing the departure of WFIS's Maritime Group to ABD, his promotion of the solicitation of Lewis Dorrington to leave WFIS and join ABD, and anything related to any claim or defense in the case. | Will call. |
| Robert Volkel | c/o Littler Mendelson, P.C. | Mr. Volkel would be called to testify regarding the nature of the maritime practice group's work and revenues, the role and responsibilities of John Haskell, Jr., as the former Managing Director of WFIS's Seattle Office, ABD's efforts to raid WFIS's and USI's employees and clients, and anything related to any claim or defense in the case. | May call. |
| Michael McCloskey | c/o Morgan, Lewis & Bockius LLP | Mr. McCloskey is Defendant ABD's Chief Financial Officer and would be called to testify regarding ABD's intentions and handling with respect to the solicitation and | May call. |

**JOINT PRETRIAL ORDER ~ 8**

| NAME | ADDRESS/PHONE NUMBER | SUBJECTS OF INFORMATION | STATUS |
|------|----------------------|-------------------------|--------|
| | | hiring of the Individual Defendants, as well as the Individual Defendants' ongoing handling of the insurance business of their former WFIS insurance accounts. | |
| Kurt de Grosz | c/o Morgan, Lewis & Bockius LLP | Mr. de Grosz is Defendant ABD's President and would be called to testify regarding ABD's intentions and handling with respect to the solicitation and hiring of the Individual Defendants, as well as the Individual Defendants' ongoing handling of the insurance business of their former WFIS insurance accounts. | May call. |

Plaintiff expressly reserves the right to call any and all of the Individual Defendants as hostile witnesses during Plaintiff's case-in-chief regardless of whether Defendants identify them as witnesses who will be testifying at trial.

B. Defendants intend to call the following lay witnesses:

| Name | Address/Phone Number | Subjects of Information | Status |
|------|----------------------|-------------------------|--------|
| Stanley Ogden | c/o Morgan, Lewis & Bockius LLP | Ogden is a named defendant in this action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial.  In particular, he will testify about his experience in the maritime insurance industry and with his clients, difficulties he faced building and maintaining his client practice at WFIS in late 2016, the costs associated with his practice, the maritime insurance brokerage market in the Seattle area, his clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after his departure, WFIS's actions after his departure, and other facts related to causation, damages and Defendants' affirmative defenses. | Will call. |
| Eleanor O'Keefe | c/o Morgan, Lewis & Bockius LLP | O'Keefe is a named defendant in this action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial.  In particular, she will testify about her experience in the maritime insurance industry and with her clients, difficulties she faced building and maintaining her client practice at WFIS in late 2016, the costs associated with her practice, the maritime insurance brokerage market in the Seattle | Will call. |

**JOINT PRETRIAL ORDER ~ 9**

| | | | |
|---|---|---|---|
| | | area, her clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after his departure, WFIS's actions after her departure, and other facts related to causation, damages and Defendants' affirmative defenses. | |
| John Haskell | c/o Morgan, Lewis & Bockius LLP | Haskell is a named defendant in this action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial. In particular, he will testify about his experience in the maritime insurance industry and with his clients, his and others' experiences at the WFIS Seattle office, the costs associated with his practice and the practice of others in the Seattle office of WFIS (which Haskell managed), the maritime insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS, WFIS's actions after Defendants' departures, his communications with Lewis Dorrington before Dorrington began working for ABD, and other facts related to causation, damages and Defendants' affirmative defenses. | Will call. |
| Lewis Dorrington | c/o Morgan, Lewis & Bockius LLP | Dorrington was a named defendant in this action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial. In particular, he will testify about his experience in the maritime insurance industry and with his clients, his and others' experiences at the WFIS Seattle office, the costs associated with his practice and the practice of others in the Seattle office of WFIS, the maritime insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS, WFIS's actions after Defendants' departures, his communications with Haskell before Dorrington began working for ABD, and other facts related to causation, damages and Defendants' affirmative defenses. | Will call. |
| Kurt de Grosz | c/o Morgan, Lewis & Bockius LLP | Kurt de Grosz is Defendant ABD's President and he will testify about his communications with Lewis Dorrington and Dorrington's recruitment by ABD, his experience in the | May call. |

**JOINT PRETRIAL ORDER ~ 10**

| | | | |
|---|---|---|---|
| | | insurance brokerage industry and with ABD's clients, the maritime insurance brokerage market in the Seattle area, clients particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS, and other facts related to causation, damages and Defendants' affirmative defenses. | |
| Jim Dunlap | Dunlap Towing PO Box 593 LaConner, WA 98275 360-466-3114 | Jim Dunlap is the president of Dunlap Towing. He will testify about Dunlap Towing's insurance needs, the market for insurance brokerage services in the Seattle area that meet Dunlap Towing's needs, the impact the Wells Fargo banking scandal had on Dunlap Towing's desire to continue doing business with USI, and whether Dunlap Towing would have stayed with USI if Eleanor O'Keefe could not have serviced Dunlap Towing's account. | Will call. |
| Joe Misenti | Tote Shipping 10401 Deerwood Park Blvd Building 1, Suite 1300 Jacksonville, FL 32256 877-775-7447 | Joe Misenti was previously the General Counsel at Silver Bay Seafoods. He will testify about Silver Bay Seafoods' insurance needs, the market for insurance brokerage services in the Seattle area that met Silver Bay Seafoods' needs, the impact the Wells Fargo banking scandal had on Silver Bay Seafoods' desire to continue doing business with USI, and whether Silver Bay Seafoods would have stayed with USI if Stanley Ogden could not have serviced Silver Bay Seafoods' account. | Will call. |
| Joe Plesha | 206-331-0643 | Joe Plesha was previously the Chief Legal Counsel at Trident Seafoods. He will testify about Trident Seafoods' insurance needs, the market for insurance brokerage services in the Seattle area that met Trident Seafoods' needs, the impact the Wells Fargo banking scandal had on Trident Seafoods' desire to continue doing business with USI, and whether Trident Seafoods would have stayed with USI if Stanley Ogden could not have serviced Trident's account. | Will call. |
| Mike McCarthy | Trident Seafoods Corporation 20001 W Garfield St. Seattle, WA 98119 206-281-9832 | Mike McCarthy was previously the ultimate person responsible for selecting insurance brokerage services at Trident Seafoods. He will testify about Trident Seafoods' insurance needs, the market for insurance brokerage services in the Seattle area that | Will call. |

**JOINT PRETRIAL ORDER ~ 11**

| | | | |
|---|---|---|---|
| | | met Trident Seafoods' needs, the impact the Wells Fargo banking scandal had on Trident Seafoods' desire to continue doing business with USI, and whether Trident Seafoods would have stayed with USI if Stanley Ogden could not have serviced Trident's account. | |
| Robert Kehoe | Purse Seine Vessel Owners Association 1900 W Nickerson St. #320 Seattle, WA 98119 206-283-7733 | Robert Kehoe was previously the ultimate person responsible for selecting insurance brokerage services at Purse Seine.  He will testify about Purse Seine's insurance needs, the market for insurance brokerage services in the Seattle area that met Purse Seine's needs, the impact the Wells Fargo banking scandal had on Purse Seine's desire to continue doing business with USI, and whether Purse Seine would have stayed with USI if Stanley Ogden could not have serviced Purse Seine's account. | Will call. |
| Augie Catalano | Chemithon Corporation 5430 W Marginal Way SW Seattle, WA 98106 206-858-7053 | Augie Catalano is the VP of Finance and CFO at Chemithon.  He will testify about Chemithon's insurance needs, the market for insurance brokerage services in the Seattle area that meet Chemithon's needs, the impact the Wells Fargo banking scandal had on Chemithon's desire to continue doing business with USI, and whether Chemithon would have stayed with USI if Eleanor O'Keefe could not have serviced Chemithon's account. | Will call. |
| Corey Anderson | c/o Morgan, Lewis & Bockius LLP | Anderson was a named defendant in this action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial.  In particular, he will testify about his experience in the maritime insurance industry and with his clients, his and others' experiences at the WFIS Seattle office, the costs associated with his practice and the practice of others in the Seattle office of WFIS, the maritime insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS, WFIS's actions after Defendants' departures, and other facts related to causation, damages and Defendants' affirmative defenses. | May call. |
| Marcia | c/o Morgan, Lewis & | Marcia Ogden was a named defendant in this | May call. |

**JOINT PRETRIAL ORDER ~ 12**

| | | | |
|---|---|---|---|
| Ogden | Bockius LLP | action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial. In particular, she will testify about her experience in the maritime insurance industry and with clients, her and others' experiences at the WFIS Seattle office, the costs associated with Stan Ogden's practice and the practice of others in the Seattle office of WFIS, the maritime insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS, WFIS's actions after Defendants' departures, and other facts related to causation, damages and Defendants' affirmative defenses. | |
| Mary Mark | c/o Morgan, Lewis & Bockius LLP | Mary Mark was a named defendant in this action and will testify on all issues relevant to the claims and defenses that remain at issue in this trial. In particular, she will testify about her experience in the maritime insurance industry and with clients, her and others' experiences at the WFIS Seattle office, the costs associated with the practice of others in the Seattle office of WFIS, the maritime insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS, WFIS's actions after Defendants' departures, and other facts related to causation, damages and Defendants' affirmative defenses. | May call. |
| Machiko Monzaki | c/o Morgan, Lewis & Bockius LLP | Monzaki will testify about WFIS's efforts to retain business after Defendants' departures, her experiences a WFIS's Seattle office, her experience in the maritime insurance industry and with clients, the maritime insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS. | May call. |
| Lisa Langdon | c/o Morgan, Lewis & Bockius LLP | Langdon will testify about WFIS's efforts to retain business after Defendants' departures, her experiences a WFIS's Seattle office, her experience in the maritime insurance industry and with clients, the maritime | May call. |

**JOINT PRETRIAL ORDER ~ 13**

| | | insurance brokerage market in the Seattle area, clients' particularized needs and WFIS's and USI's abilities to satisfy those client needs after Defendants' departures from WFIS. | |

Defendants may also call one or more rebuttal witnesses, the necessity of whose testimony, and the contents thereof, cannot be reasonably anticipated prior to trial. Defendants reserve the right to call any witness identified by Plaintiff.

## EXHIBITS

In making objections to Plaintiff's proposed trial exhibits, Defendants' objections are identified using the following abbreviations:

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| No. | Description | Authenticity | Admissibility | Objection | Admitted |
| 1 | Stanley Ogden 1994 Agreement and Covenant Not to Compete, WFIS000190–WFIS000196 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 2 | Eleanor O'Keefe 1994 Agreement and Covenant Not to Compete, WFIS000237–WFIS000243 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 3 | Lewis Dorrington 2004 Employment Agreement, WFIS000018–WFIS000020 | Stipulated | Disputed | R P/WT/CTI MIL No. 1 | |
| 4 | John Haskell 2013 Agreement Regarding Trade Secrets, Confidential Information, Non-Solicitation, and Assignment of Inventions, WFIS000086–WFIS000088 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 5 | John Haskell 2015 Agreement Regarding Trade Secrets, Confidential Information, Non-Solicitation, and Assignment of Inventions, WFIS000083–WFIS000085 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 6 | March 10, 2017 Email exchange between Diane Bundrant (Trident Seafoods) and Stanley Ogden, with forwarded communications, ABD-MT-005969–ABD-MT-005970 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |

**JOINT PRETRIAL ORDER ~ 14**

| No. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| | **Plaintiff's Exhibits** | | | | |
| 7 | January 2–3, 2017 Email exchange between Joe Misenti (Silver Bay Seafoods) and Stanley Ogden, attaching BOR, ABD-MT-005541–ABD-MT-005543 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 8 | January 4, 2017 Email exchange between Stanley Ogden and Tim (Wards Cove) attaching ABD promotional flyer and BOR, ABD-MT-005538- ABD-MT-005540 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 9 | January 2, 2017 Email exchange between Augie Catalano and Eleanor O'Keefe, attaching BOR, ABD-MT-005430–ABD-MT-005431 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 10 | March 7, 2017 Email exchange between Lewis Dorrington and Jacob Lee (NYK Group), including attachments, ABD-MT-005897–ABD-MT-005904 | Stipulated | Disputed | R P/WT/CTI MIL No. 1 | |
| 11 | January 3, 2017 Email exchange between Lal Chandwaney and Stanley Ogden, ABD-MT-005555 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 12 | Template Broker of Record Letter, ABD-MT-005900 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 13 | December 28, 2016 from Eleanor O'Keefe to herself forwarding client contact information, USI_Ogden006734 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 14 | Spreadsheet re: NYK Group Commission Payments, ECF No. 116-1 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 15 | ABD Producer Employment Agreement – Stanley Ogden, ABD-MT-000379–ABD-MT-000392 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 16 | Text Messages between Stanley Ogden and Kurt de Grosz, ABD-MT-001667– ABD-MT-001676 | Stipulated | Disputed | R P/WT/ CTI/ C MIL No. 2 | |

**JOINT PRETRIAL ORDER ~ 15**

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| No. | Description | Authenticity | Admissibility | Objection | Admitted |
| 17 | Text Messages between Stanley Ogden and Cory Anderson, ABD-MT-001677–ABD-MT-001679 | Stipulated | Disputed | R P/WT/ CTI MIL No. 1 | |
| 18 | December 30, 2016 Email Exchange between Eleanor O'Keefe and Terry (LNU), with attachments, ABD-MT-001586–ABD-MT-001588 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 19 | Acknowledgment of Prior Trade Secrets and Confidentiality Agreement Compliance (Eleanor O'Keefe), ABD-MT-000393–ABD-MT-000395 | Stipulated | Disputed | R P/WT MIL No. 4 | |
| 20 | ABD Non-Disclosure, Proprietary Information, and Inventions Agreement (Eleanor O'Keefe), ABD-MT-000396–ABD-MT-000403 | Stipulated | Disputed | R P/WT MIL No. 4 | |
| 21 | Eleanor O'Keefe ABD Offer Letter dated December 28, 2016, ABD-MT-000404–ABD-MT-000406 | Stipulated | Disputed | R P/WT MIL No. 4 | |
| 22 | December 30, 2016 Email Exchange between Eleanor O'Keefe and Paul Koojoolian, with attachments, ABD-MT-001592–ABD-MT-001594 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 23 | December 30, 2016 Email Exchange between Eleanor O'Keefe and Harry Humphrey, with attachments, ABD-MT-001583–ABD-MT-001585 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 24 | December 30, 2016 Email Exchange between Eleanor O'Keefe and Salt River Co., with attachments, ABD-MT-001589–ABD-MT-001591 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 25 | Eleanor O'Keefe AT&T Wireless Statement 12/19/16–01/18/17, ABD-MT-000273–ABD-MT-000300 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |

**JOINT PRETRIAL ORDER ~ 16**

| | | | | | |
|---|---|---|---|---|---|
| **Plaintiff's Exhibits** | | | | | |
| **No.** | **Description** | **Authenticity** | **Admissibility** | **Objection** | **Admitted** |
| 26 | February 21, 2017 Email Exchange between Lewis Dorrington and Kurt de Grosz, with attachment, ABD-MT-001138–ABD-MT-001153 | Stipulated | Disputed | (With respect to attachment) R P/WT/CTI MIL No. 4 | |
| 27 | January 26, 2017 Email Exchange between Lewis Dorrington and Kurt de Grosz, including attachments, ABD-MT-001154–ABD-MT-001169 | Stipulated | Disputed | (With respect to attachment) R P/WT/CTI MIL No. 1 | |
| 28 | February 12, 2017 Email Exchange between Lewis Dorrington and Kurt de Grosz, ABD-MT-001126–ABD-MT-001134 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 29 | February 16, 2017 Email Exchange between Lewis Dorrington and Kurt de Grosz, ABD-MT-001135–ABD-MT-001137 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 30 | Acknowledgment of Prior Trade Secrets and Confidentiality Agreement Compliance (John Haskell), ABD-MT-001424–ABD-MT-001434 | Stipulated | Disputed | R P/WT/CTI MIL No. 1, 4 | |
| 31 | Declaration of John Haskell, Jr., ECF No. 60 | Stipulated | Disputed | R P/WT/CTI MIL No. 1, 2 | |
| 32 | February 5, 2016 Email Exchange between John Haskell and Brian Hetherington, ABD-MT-001300–ABD-MT-001301 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 33 | Defendants' Supplemental Interrogatory Response #1, ABD-MT-001680–001735 (November 16, 2018) | Stipulated | Disputed | R P/WT/CTI MIL No. 1 | |
| 34 | Defendants' Supplemental Interrogatory Response #2, ABD-MT-001680–001744(November 20, 2018) | Stipulated | Disputed | R P/WT/CTI MIL No. 1 | |

**JOINT PRETRIAL ORDER ~ 17**

| No. | Description | Authenticity | Admissibility | Objection | Admitted |
|-----|-------------|--------------|---------------|-----------|----------|
| **Plaintiff's Exhibits** | | | | | |
| 35 | Defendants' Supplemental Responses to Plaintiff's Discovery Requests per Dkt. No. 102 Order Granting in Part Plaintiff's Motion to Compel. | Stipulated | Disputed | R P/WT/CTI HS | |
| 36 | Stanley Ogden's Responses to Plaintiff's First Set of Discovery Requests | Stipulated | Disputed | R P/WT/CTI HS | |
| 37 | Eleanor O'Keefe's Responses to Plaintiff's First Set of Discovery Requests | Stipulated | Disputed | R P/WT/CTI HS | |
| 38 | Lewis Dorrington's Responses to Plaintiff's First Set of Discovery Requests | Stipulated | Disputed | R P/WT/CTI HS | |
| 39 | John Haskell, Jr.'s Responses to Plaintiff's First Set of Discovery Requests | Stipulated | Disputed | R P/WT/CTI HS | |
| 40 | ABD's Responses to Plaintiff's First Set of Discovery Requests | Stipulated | Disputed | R P/WT/CTI HS | |
| 41 | ABD Acknowledgment of Prior Trade Secrets and Confidentiality (John Haskell), ABD-MT-001424–ABD-MT-001426 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 42 | ABD Non-Disclosure, Proprietary Information and Invention Agreement (John Haskell), ABD-MT-001427–ABD-MT-001434 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 43 | March 4, 2016 ABD Offer Letter (John Haskell), ABD-MT-001435–ABD-MT-001437 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 44 | ABD Acknowledgment of Prior Trade Secrets and Confidentiality (Lewis Dorrington), ABD-MT-000312–ABD-MT-000314 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 45 | ABD Non-Disclosure, Proprietary Information and Invention Agreement (Lewis Dorrington), ABD-MT-000315–ABD-MT-000322 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 46 | February 21, 2017 ABD Offer Letter (Lewis Dorrington), ABD-MT-000323–ABD-MT-000325 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |

**JOINT PRETRIAL ORDER ~ 18**

| | Plaintiff's Exhibits | | | | |
|---|---|---|---|---|---|
| No. | Description | Authenticity | Admissibility | Objection | Admitted |
| 47 | ABD Non-Disclosure, Proprietary Information and Invention Agreement (Stanley Ogden), ABD-MT-000368–ABD-MT-000375 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 48 | November 18, 2016 ABD Offer Letter (Stanley Ogden), ABD-MT-000376–ABD-MT-000378 | Stipulated | Disputed | R P/WT/CTI MIL No. 4 | |
| 49 | January 3, 2017 Email from Meghan Rice (Dunlap Towing) to Eleanor O'Keefe, ABD-MT-001595–ABD-MT-001596 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 50 | February 28, 2017 Email exchange between Lewis Dorrington and Janice McDonald (NYK Ports), attaching BOR, ABD-MT-005000–ABD-MT-005002 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 51 | January 4, 2017 Email exchange between Marcia Ogden and Jenn Cabotage (Monterey Fish), ABD-MT-005517–ABD-MT-005519 | Stipulated | Disputed | R P/WT/CTI MIL No. 1 | |
| 52 | January 4, 2017 Email exchange between Stanley Ogden and Tim Smyer (wards Cove), ABD-MT-005521–ABD-MT-005524 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 53 | February 25, 2017 LinkedIn Email to Lewis Dorrington, USI_OGDEN 007539 | Disputed | Disputed | R P/WT/CTI MIL No. 1 | |
| 54 | February 25, 2017 LinkedIn Email to Lewis Dorrington, USI_OGDEN 007545–USI_OGDEN 007546 | Disputed | Disputed | R P/WT/CTI MIL No. 1 | |
| 55 | February 25, 2017 LinkedIn Email to Lewis Dorrington, USI_OGDEN 007547–USI_OGDEN 007548 | Disputed | Disputed | R P/WT/CTI MIL No. 1 | |
| 56 | February 25, 2017 LinkedIn Email to Lewis Dorrington, USI_OGDEN 007549–USI_OGDEN 007550 | Disputed | Disputed | R P/WT/CTI MIL No. 1 | |
| 57 | ABD Marine Lost rev. proforma_2012-2016_v3.xlsx, USI_OGDEN 001839 | Disputed | Disputed | HS LF | |

**JOINT PRETRIAL ORDER ~ 19**

| | | Plaintiff's Exhibits | | | | |
|---|---|---|---|---|---|---|
| No. | Description | Authenticity | Admissibility | Objection | Admitted | |
| 58 | USI v. Ogden, et al. – Account Information [Current 7 30 18].xlsx, USI_OGDEN 001845 | Disputed | Disputed | With Respect to Anderson and Haskell: R P/CTI LF HS MIL No. 1 With Respect to Dorrington, O'Keefe, and Ogden: LF HS | |
| 59 | USI v. Ogden, et al. – Lost Revenue Totals, USI_OGDEN 001846 | Disputed | Disputed | With Respect to Anderson and Haskell: R P/CTI LF HS MIL No. 1 With Respect to Dorrington, O'Keefe, and Ogden: R P/CTI LF HS | |
| 60 | December 30, 2016 Broker of Record Letter (Trident Seafood), USI_OGDEN 006984 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 61 | January 6, 2017 Broker of Record Letters (Silver Bay Seafood, Monterey Fish Co.), including cover email, USI_OGDEN 006968– USI_OGDEN 006971 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 62 | January 10, 2017 Broker of Record Letter (Harley Marine Services), including cover email, USI_OGDEN 006938, USI_OGDEN 006927 | Disputed | Disputed | R P/WT/C MIL No. 2 | |

**JOINT PRETRIAL ORDER ~ 20**

| No. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| | **Plaintiff's Exhibits** | | | | |
| 63 | January 16, 2017 Broker of Record Letter (Prowler Fisheries LLC), including cover email, USI_OGDEN 006980–USI_OGDEN 006982 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 64 | January 3, 2017 Broker of Record Letter (Dunlap Towing), including cover email, USI_OGDEN 006942–USI_OGDEN 006943 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 65 | March 3, 2017 Broker of Record (St. Francis Yacht), including cover email, USI_OGDEN 001359–USI_OGDEN 001361 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 66 | January 31, 2017 Broker of Record (Royal Coffee), including cover email, USI OGDEN 000808–USI_OGDEN 000810 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 67 | January 3, 2017 Broker of Letter Record (Pacific Rim Transportation), including cover email, USI_OGDEN 000765–USI_OGDEN 000767 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 68 | February 27, 2017 Broker of Record Letter (Pasha Hawaii Holdings), including cover email, USI_OGDEN 001782–USI_OGDEN 001783 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 69 | February 27, 2017 Broker of Record Letter (The Pasha Group), including cover email, USI_OGDEN 001431–USI_OGDEN 001432 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 70 | March 3, 2017 Broker of Record Letter (HMS/American Queen Steamboat), including cover email, USI_OGDEN 001181–USI_OGDEN 001183 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 71 | March 9, 2017 Broker of Record Letter (Yusen Logistics), including cover email, ABD-MT-005040–ABD-MT-005041 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |
| 72 | March 7, 2017 Broker of Record Letter (NYK Line), including cover email, ABD-MT-005897–ABD-MT-005900 | Stipulated | Disputed | R P/WT/C MIL No. 2 | |

**JOINT PRETRIAL ORDER ~ 21**

| | Plaintiff's Exhibits | | | | |
|---|---|---|---|---|---|
| No. | Description | Authenticity | Admissibility | Objection | Admitted |
| 73 | March 9, 2017 Broker of Record Letter (HMS Global Marine), including cover email, USI_OGDEN 000610– USI_OGDEN 000612 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 74 | February 1, 2017 Broker of Record Letter (Diver Institute), including cover email, USI_OGDEN 000785– USI_OGDEN 000788 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 75 | February 27, 2017 Broker of Record Letter (Del Mar Seafood, including cover email, USI_OGDEN 001281– USI_OGDEN 001283 | Disputed | Disputed | R P/WT/C MIL No. 2 | |
| 76 | March 24, 2017 Cease and Desist Letter to Lewis Dorrington, including exhibits | Stipulated | Disputed | R P/WT/CTI HS MIL No. 1 | |
| 77 | June 14, 2016 Cease and Desist Letter to John Haskell | Stipulated | Disputed | R P/WT/CTI HS MIL No. 1 | |
| 78 | https://www.theabdteam.com/company/press-release/abd-insurance-and-financial-services-opens-new-office-seattle-washington (date last visited, April 22, 2022) | Disputed | Disputed | R P/WT/CTI HS MIL No. 1, 2 | |

| | Defendants' Exhibits | | | | |
|---|---|---|---|---|---|
| No. | | Authenticity | Admissibility | Objection | Admitted |
| 501 | "Wells Fargo account fraud scandal" entry on Wikipedia (available at https://en.wikipedia.org/wiki/Wells_Fargo_account_fraud_scandal) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 502 | Consumer Financial Protection Bureau Fines Wells Fargo $100 Million for Widespread Illegal Practice of Secretly Opening Unauthorized Accounts". Consumer | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |

**JOINT PRETRIAL ORDER ~ 22**

| | | | | | |
|---|---|---|---|---|---|
| | Financial Protection Bureau. (available at https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-fines-wells-fargo-100-million-widespread-illegal-practice-secretly-opening-unauthorized-accounts/). | | | | |
| 503 | Levine, Matt (9 September 2016). "Wells Fargo Opened a Couple Million Fake Accounts". Bloomberg.com. (available at https://www.bloomberg.com/opinion/articles/2016-09-09/wells-fargo-opened-a-couple-million-fake-accounts) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 504 | Cowley, Stacy (12 December 2016). "Prudential Suspends Sales of Its Life Policies by Wells Fargo". The New York Times. (available at https://www.nytimes.com/2016/12/12/business/dealbook/wells-fargo-prudential-insure-policies.html) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 505 | Corkery, Michael (8 September 2016). "Wells Fargo Fined $185 Million for Fraudulently Opening Accounts" (available at https://www.nytimes.com/2016/09/09/business/dealbook/wells-fargo-fined-for-years-of-harm-to-customers.html) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 506 | Corkery, Michael (9 September 2016). "Wells Fargo Offers Regrets, but Doesn't Admit Misconduct". The New York Times. (available at | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |

**JOINT PRETRIAL ORDER ~ 23**

| | | | | | |
|---|---|---|---|---|---|
| | https://www.nytimes.com/ 2016/09/10/business/dealbook/wells-fargo-apologizes-but-doesnt-admit-misconduct.html). | | | | |
| 507 | Puzzanghera, Jim (13 September 2016). "Wells Fargo is eliminating retail sales goals after settlement over aggressive tactics". The Wall Street Journal. (available at https://www.latimes.com/business/la-fi-wells-fargo-sales-20160913-snap-story.html). | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 508 | Faux, Zeke (13 October 2016). "Wells Fargo CEO Stumpf Quits in Fallout From Fake Accounts". Bloomberg.com. Bloomberg. (available at https://www.bloomberg.com/news/articles/2016-10-12/wells-fargo-ceo-stumpf-steps-down-in-fallout-from-fake-accounts). | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 509 | Koren, James Rufus (21 September 2016). "Wells Fargo hit with new sanctions following fake-accounts scandal". Los Angeles Times. (available at https://www.latimes.com/business/la-fi-wells-fargo-occ-20161119-story.html) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 510 | Gray, Alistair (9 January 2017). "Wells Fargo counts cost of sham accounts scandal". The Financial Times. (available at https://www.ft.com/content/1f22b9c0-d38d-11e6-b06b-680c49b4b4c0) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |
| 511 | Keller, Laura (13 January 2017). "Wells Fargo Plans to Close More Than 400 | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL | |

**JOINT PRETRIAL ORDER ~ 24**

| | | | | | |
|---|---|---|---|---|---|
| | | Branches Through 2018". Bloomberg. (available at https://www.bloomberg.com/news/articles/2017-01-13/wells-fargo-plans-to-close-more-than-400-branches-through-2018). | | | | |
| | 512 | Chappell, Bill (20 September 2016). "'You Should Resign': Watch Sen. Elizabeth Warren Grill Wells Fargo CEO John Stumpf". NPR. (available at https://www.npr.org/sections/thetwo-way/2016/09/20/494738797/you-should-resign-watch-sen-elizabeth-warren-grill-wells-fargo-ceo-john-stumpf). | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL |
| | 513 | Protess, Ben (14 September 2016). "Wells Fargo Subpoenaed in Sham Account Case". The New York Times. (available at https://www.nytimes.com/2016/09/15/business/dealbook/wells-fargo-investigation.html?_r=0). | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL |
| | 514 | Masunaga, Samantha (3 November 2016). "Wells Fargo says the SEC is also investigating its accounts scandal". The Los Angeles Times. (available at https://www.latimes.com/business/la-fi-wells-fargo-sec-20161103-story.html). | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL |
| | 515 | Corkery, Michael (28 September 2016). "California Suspends Ties With Wells Fargo". The New York Times. (available at https://www.nytimes.com/2016/09/29/business/dealbook/california-wells-fargo- | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL |

**JOINT PRETRIAL ORDER** ~ 25

| | | | | | |
|---|---|---|---|---|---|
| | | john-stumpf.html?_r=0) | | | |
| | 516 | Blake, Paul (3 November 2016) "Timeline of the Wells Fargo Accounts Scandal" (available at https://abcnews.go.com/Business/timeline-wells-fargo-accounts-scandal/story?id=42231128 ) | Disputed | Disputed | 401-403; 602; 901; 801-805; F; MIL |
| | 517 | Heidi Singer December 15, 2014 email to Heidi Signer, Josh Tyndell, Vicki Kitley, Reuben Rodriguez, and John Haskell Subject: SPW 2015 budget review Attachment: Dec14 SPW 2015 budget P&L.xlsx; Deec14 SPW 2015 budget trend P&L.xlsx USI_OGDEN007634-007636 | Stipulated | Disputed (by Defendants) | By Plaintiff: 701 & 702; MIL<br><br>By Defendants: R HS LF |
| | 518 | Hisae Harris June 1, 2015 email to Hisae Harris, John Haskell, Barbara Fives Subject: June OL-- Seattle Attachments: New and Lost business forecast - June OL Seattle.xlsx; 06.2015 SEA OL P&L and Trend.xlsx USI_OGDEN 007637-007639 | Stipulated | Disputed (by Defendants) | By Plaintiff: 701 & 702; MIL<br><br>By Defendants: R HS LF |
| | 519 | Hisae Harris July 31, 2015 email to Hisae Harris, John Haskell, and Barbara Fives Subject: 2016 Budget -- Seattle Office Attachment: 2016 Seattle Budget 08.04.2015.xlsx USI_OGDEN 007640-007642 | Stipulated | Disputed (by Defendants) | By Plaintiff: 701 & 702; MIL<br><br>By Defendants: R HS LF |
| | 520 | Hisae Harris September 1, 2015 email to John Haskell, Barbara Fives, et al Subject: Sep OL and 2016 Budget (Seattle) | Stipulated | Disputed (by Defendants) | By Plaintiff: 701 & 702; MIL<br><br>By |

**JOINT PRETRIAL ORDER ~ 26**

|  | | Stipulated | Disputed (by Defendants) | Defendants:<br>R<br>HS<br>LF | |
|---|---|---|---|---|---|
| | Attachment: SEA Sep 15 FY OL vs. 2016 Plan without Wholesale.xlsx USI_OGDEN 007643-007644 | | | Defendants:<br>R<br>HS<br>LF | |
| 521 | 07_ABD Marine Lost rev proforma_2012-2016_v3.xls (spreadsheet from Nickerson expert files) | Stipulated | Disputed (by Defendants) | By Defendants:<br>HS<br>LF | |
| 522 | 04_USI v. Ogden, et al. - Account Information [Current 7 30 18].xlsx (spreadsheet from Nickerson expert files) | Stipulated | Disputed (by Defendants) | By Defendants:<br><br>With respect to Anderson and Haskell: R<br>P/CTI<br>LF<br>HS<br>MIL No. 1<br><br>With respect to Dorrington, O'Keefe, and Ogden:<br>LF<br>HS | |
| 523 | 05_USI v. Ogden, et al. - Lost Revenue Totals [Current 7 30 18].xlsx.xlsx (spreadsheet from Nickerson Expert files) | Stipulated | Disputed (by Defendants) | By Defendants:<br><br>With respect to Haskell, Marcia Ogden, Mark, and Anderson: R<br>P/CTI<br>LF<br>HS<br>MIL No. 1<br><br>With respect to Stanley Ogden, O'Keefe, and Dorrington: R<br>P/CTI<br>LF<br>HS | |
| 524 | July 16, 2019 Nickerson expert report, with attachments | Stipulated | Disputed (by Defendants) | By Defendants:<br>HS | |

**JOINT PRETRIAL ORDER ~ 27**

| | | | | LF<br>FRE 701 and 702 | |
|---|---|---|---|---|---|
| 525 | August 8, 2018 Tilden expert report, with attachments | Stipulated | Disputed (by Defendants) | By Defendants:<br>HS<br>LF<br>FRE 701 and 702 | |

Defendants reserve the right to identify and add additional, supplemental, or amended exhibits at any point prior to the filing of the final Pretrial Order at its discretion, and thereafter at the discretion of the Court.  Additionally, although Defendants have identified certain exhibits they may use at trial (Exhibits 501-525, above), Defendants do not admit or stipulate to their admissibility.  The exhibits may be objectionable, in whole or in part, or may only be admissible for a limited purpose.

## ADDITIONAL STIPULATIONS

Subject to the approval of the Court, the parties also propose the following stipulations:

1.     The parties stipulate and agree that by 5:30 p.m. on each day of trial, they will disclose to the opposing party the witnesses to be called to testify the following trial day.

2.     The parties stipulate and agree that any damages on Plaintiff's claim for Tortious Interference with Contract against ABD derive from and are coextensive with Plaintiff's damages, if any, on its claims for Breach of Contract against Defendants Ogden, O'Keefe, and Haskell.  Consequently, because the Court has already ruled that ABD is liable on Plaintiff's claim for Tortious Interference with Contract, the amount of damages to be awarded to Plaintiff on its claim for Tortious Interference with Contract against ABD shall be affixed by the Court at the total amount of damages awarded, if any, on Plaintiff's claims for Breach of

**JOINT PRETRIAL ORDER** ~ 28

Contract against Defendants Ogden, O'Keefe, and Haskell.  The jury in this trial will not be asked to award any damages or make any findings on Plaintiff's claim for Tortious Interference with Contract against ABD.  This liability shall be joint and several with any liability on Plaintiff's claims for Breach of Contract, and not additive.  The Parties reach this stipulation without prejudice to Defendants' rights to appeal any of the Court's liability findings against any of Defendants on any of Plaintiff's claims, and nothing in this stipulation constitutes or shall be construed as an admission of liability by any Defendant.

3.      The parties stipulate and agree that Joe Misenti, a third-party witness disclosed by Defendants, may testify via perpetuation videotaped deposition due to scheduling conflicts with a family vacation, and that the parties agree to coordinate to find a mutually agreeable date for that perpetuation deposition sufficiently in advance of trial to have the videotaped deposition available at trial and any objections to its admission ruled on in advance by the Court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**JOINT PRETRIAL ORDER** ~ 29

## ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on March 1, 2023.

(b) This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of February 2023.

U.S. District Judge Stanley A. Bastian

**JOINT PRETRIAL ORDER** ~ 30