UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| USI INSURANCE SERVICES NATIONAL, INC., formerly known as WELLS FARGO INSURANCE SERVICES USA, INC., | NO.  2:17-CV-01394-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL** |
| STANLEY OGDEN, an individual; MARCIA OGDEN, an individual; ELEANOR O'KEEFE, an individual; LEWIS DORRINGTON, an individual; JOHN HASKELL, JR., an individual; MARY MARK, an individual; CORY ANDERSON, an individual; and ABD INSURANCE AND FINANCIAL SERVICES, INC., a Delaware corporation, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for New Trial, ECF No. 267. The motion was heard without oral argument. Plaintiff is represented by Thomas Holt, Megan Crowhurst and Anne Reuben. Defendants are represented by Anna Saber,

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 1**

Christopher Banks, Debra Fischer, Molly Terwilliger and Patrick Duffy.

After a six-day trial, the jury returned a verdict in favor of Defendants on all of Plaintiff's claims. The jury was asked if Plaintiff proved that it "suffered damages by the breach of contract" of the individually-named Defendants and the jury answered "No" for all Defendants. ECF No. 248.

Plaintiff asserts that it received an unfair trial because of the following:

1.   The Court improperly limited the evidence presented by USI regarding causation of damages. Plaintiff asserts the Court improperly altered the burden of proof requiring USI to disprove the false and speculative hypothetical of what might have occurred had Defendants not breached their contracts.

2.   The Court erroneously limited Plaintiff's experts to testifying verbatim from their reports, which improperly excluded valid testimony that would have explained the experts' opinions. Plaintiff maintains these rulings penalized it for weaknesses in Defendants' case because Defendant chose not to depose one of its experts prior to trial and deposed the other expert haphazardly.

3.   The Court admitted irrelevant and unfairly prejudicial evidence about the Wells Fargo banking scandal because, in part, the Court itself had "closed [its] account" with Wells Fargo Bank due to media coverage—something wholly unrelated to WFIS.

**Motion Standard**

Rule 59(a) states, "A new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." *Id*. Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 2**

excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).  Trial courts may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods*., 212 F.3d 493, 510 n.15 (9th Cir. 2000).

## Analysis

### 1.    Presentation of Evidence re: Causation

Plaintiff argues the Court improperly limited the evidence presented by USI regarding causation of damages. From the beginning of the trial, Plaintiff's and the Court's understanding of what the trial was about was fundamentally different. Plaintiff wanted to discuss and present background and context information regarding the underlying events that supported the court's finding of liability on summary judgment. The Court believed the jury trial was about damages and specifically, whether Defendants caused the requested 10 million dollars in damages.

In 2019, the court issued a ruling on the parties' Motions for Summary Judgment. It found that Defendants Ogden and O'Keefe signed a covenant not to 'compete as part of the merger between Pettit-Morray and Acordia; Plaintiff was entitled to enforce the agreements; and Plaintiff established a breach of the agreement based on Ogden's and O'Keefe's admissions during their deposition that they continued to handle the insurance business of former Wells Fargo clients on behalf of ABD. ECF No. 128. The court found that no reasonable jury could find that Defendant Haskell solicited, participated in solicitation, or promoted the solicitation of Wells Fargo customers, but found Haskell promoted the recruitment of Wells Fargo employees, specifically Lewis Dorrington, in violation of the 2013 and 2015 agreements. With respect to ABD, the court found it tortiously interfered with Plaintiff's contractual expectations when Mr. Ogden and Ms. O'Keefe

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 3**

continued handling insurance business of Wells Fargo clients and when Mr. Haskell assisted ABD in recruiting his former co-workers but noted that Plaintiff had not shown that Mr. Ogden breached any common law duties on the limited record before him. ECF No. 128.

Specifically, the court made the following statement: "Even if the fact of damage arising from Mr. Ogden, Ms. O'Keefe, and Mr. Haskell's breaches is not seriously in dispute, plaintiff has not provided "reasonably convincing evidence indicating the amount of damages' associated with those breaches." But the court went on to say, "Plaintiff, for its part, has not yet established damages associated with any of the breaches discussed above." *Id*. at 20.

Plaintiff agues the court's statements should be interpreted as a finding that damages were caused by Defendants' breach of contract, and the only issue before the jury would have been the amount. But that is not what the court wrote. Plaintiff fails to appreciate that the use of the word "associated" has the same meaning as the word "caused," that is, the court concluded that Plaintiff had 'not yet established damages" caused by the breaches, and thus causation and the amount of any damages were the remaining questions for the jury.

This understanding of that Order was what informed the Court regarding the scope of the evidence that Plaintiff would be allowed to present at trial. it was not appropriate for Plaintiff to retry the liability phase of this case. Rather, the jury was properly instructed that Plaintiff had shown and the Court had found that Defendants did breach their agreements, and the question presented to the jury was whether the breach caused any damages and the amount, if any, of the damages.

Plaintiff asserts that during trial, the Court impermissibly shifted the burden of proof by requiring USI to disprove the false and speculative hypothetical of what might have occurred had Defendants not breached their contracts. Not so. The jury instructions, which were agreed to by Plaintiff, properly allocated the burden of proof. The jury was instructed that Plaintiff had the burden of proving by

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 4**

a preponderance of evidence that it incurred actual economic damages because of Defendant's breach of contract and the amount of those damages. The jury was instructed on what actual damages meant. It was instructed that in calculating Plaintiff's actual damages, the jury was to determine the sum of money that would put Plaintiff in as good a position as it would have been in if the parties had performed all of their promises under the contract. And the jury was instructed regarding "lost net profits," which was the type and scope of the damages requested in this case. This required Plaintiff to "prove with reasonable certainty that net profits would have been earned but were not earned because of Defendant's breach of contract." Did this require Plaintiff to prove a hypothetical? Yes, but that is the nature of the type of damages that it requested. *See Alaska Rent-A-Car v, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013) (noting that damages resulting from the loss of future profits are often an approximation). Plaintiff was not required to disprove a false and speculative hypothetical. Instead, Plaintiff was asked to show by a preponderance of the evidence that it was entitled to claim "lost net profits" because of Defendant's breach of their agreements.

Plaintiff has not shown it is entitled to a new trial based on the Court's refusal to permit Plaintiff to retry the litigation phase of this case.

### 2.    Scope of Plaintiff's Expert Witnesses

Plaintiff argues the Court improperly excluded valid testimony that would have explained the experts' opinions; instead, the Court erroneously limited Plaintiff's experts to testifying verbatim from their reports.

Fed. R. Civ. P. 26(a)(2)(A) requires that all expert witnesses be disclosed. Expert witnesses must either prepare a detailed written report under Rule 26(a)(2)(B) or, if not required to provide a written report, the party must disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 5**

opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).
Rule 26(a)(2)(B)(i) requires the written report contain "a complete statement of all
opinions the witness will express and the basis and reasons for them." If a party
fails to provide information required by Rule 26(a), the party is not allowed to use
that information at trial, unless failure to provide the information was substantially
justified or is harmless. Fed. R. Civ. P. 37(c)(1).

The Court limited the experts to testify to what was disclosed in their
reports. Fed. R. Civ. P. 26(a)(2)(B) requires experts to provide written reports in
order to prevent unfair surprise at trial. Here, Defendant objected to the jury
hearing opinions that were not contained in the written reports, stating they were
unfairly surprised and would be prejudiced if Plaintiff's experts were permitted to
testify to opinions not contained in their reports. The Court agreed and limited the
experts to those opinions that were presented in their reports. The Court was within
its authority to do so, and Plaintiff has not shown it is entitled to a new trial based
on the limiting of their experts' testimony. Additionally, Plaintiff cannot show it
was prejudiced by any limitation to Dr. Nickerson's testimony because the jury
found that Plaintiff did not show that Defendants' breach of contract caused
Plaintiff's damages. Plaintiff could have easily avoided this situation if it had
provided sufficient and complete expert disclosures prior to trial, as required by the
Rules.

### 3. Wells Fargo Banking Scandal

Plaintiff argues the Court unfairly allowed the jury to hear evidence of the
Wells Fargo Banking scandal. Plaintiff suggests the Court was influenced by its
decision to close its accounts in Wells Fargo. It is true the Court made that
statement outside the presence of the jury. Regardless, testimony at trial from
customers and former employees indicated that the scandal was highly relevant to
them and relevant to their decision to leave Plaintiff and seek services and
employment elsewhere. The jury did not hear the challenged comment from the

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 6**

Court, and it had no bearing on the Court's decision. Plaintiff has not shown it is entitled to a new trial because the jury heard evidence regarding Wells Fargo's banking scandal.

**4.     Conclusion**

From the beginning of trial, the Court was clear that it saw this as a damages case. And from the beginning of trial, Plaintiff attempted to present evidence to the jury regarding liability that went beyond basic background information, which was not relevant to the question before and unnecessarily prolonged the trial. Plaintiff was given a fair opportunity to present its damages case to the jury. The jury found that it did not meet its burden. Most damaging perhaps to Plaintiff's case was the testimony from former customers that they would not have stayed with Plaintiff if Defendants Ogden and O'Keefe were no longer servicing their accounts. Also, the jury could have reasonably found that after Ogden, O'Keefe, and others left, Plaintiff was not in a position to adequately service the large accounts that ultimately left to obtain insurance elsewhere.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for New Trial, ECF No. 267, is **DENIED**.

2.  The joint Stipulation, ECF No. 274, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of June 2023.

U.S. Judge Stanley A. Bastian

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ~ 7**